O’CONNELL, Justice.
The petitioner-claimant seeks review of an order of the Full Commission aifirming an order of the deputy. The deputy’s order denied modification of a prior order and denied claimant further medical treatment.
In his brief filed here the claimant states that he “ * * * seeks one and only one end, and that is to be afforded the corrective medical care which will enable him to support himself and his family.”
The only issue to be decided here is whether the deputy was correct in denying the claimant further medical benefits.
Claimant suffered a compensable injury in 1958. Claim was filed resulting in entry of an order dated 9 December 1959 awarding claimant compensation for a 30% permanent partial disability of the body as a whole. This order also directed that the self-insured employer pay “4. All medical expenses which the claimant may incur as a result of his compensable injury.”
On December 6, 1961 claimant timely filed a letter claim in which he petitioned for modification of the order of December 9, 1959 on the ground of change in condition or mistake in determination of fact. Claimant also requested surgical treatment, which had been offered prior to entry of the order in 1959 and then refused by him, neurosurgical, orthopedic, neurological and psychiatric consultation and all other benefits of the Act.
After hearing, at which claimant’s physician and claimant testified, the deputy entered an order denying the petition for modification and request for further medical treatment giving as his reason that “According to the Doctor’s testimony * * the claimant’s physical condition has not changed and there is no substantial difference in claimant’s so called ‘functional overlay’, nor has the evidence shown any mistake in determination of any fact.”
It seems apparent that the deputy must have been of the view that the claimant’s right to further medical treatment was dependent on a showing of change of condition or mistake in determination of fact under Sec. 440.28 F.S.A. Such is not the case.
The-order of December 9, 1959 ordered the employer to pay for future medical treatment. Even had it not, the provisions of Sec. 440.13 F.S.A. would have required the employer to furnish such upon a request and showing of need therefor.
The correctness of the deputy’s order refusing “psychiatric evaluation” and inferentially all other medical benefits must be tested by whether the claimant adequately demonstrated that such further psychiatric and medical benefits were reasonably required by the “ * * * nature of the injury or the process of recovery * * Sec. 440.13(1) F.S.A.
The record reveals that at the final hearing which led to the order of December 9, 1959 the same physician who testified at the hearing which culminated in the order presently under review, then *846 testified that the claimant could not he rehabilitated and would not reach maximum recovery unless he had surgery to repair his fractured cervical spine. This physician testified that claimant at that time (1959) was a good candidate for surgery. The claimant at that time refused the surgery- on his spine.
At the last hearing (1962) the physician 'testified that he did not believe the claimant was a good candidate for surgery because 'óf a: functional overlay. This physician stated that claimant had such a “functional ovérláy” at the time he testified in 1959. He also stated that this overlay was more marked in' 1961 when he last examined him; however, he later qualified this by explaining that he was not a psychiatrist and that his evaluation was therefore necessarily a very • rough estimate.
,! In .response to several questions this .•physician stated that he felt the claimant should have a psychiatric evaluation to .determine if by psychiatric treatment the “functional overlay” might be lessened so as to'render claimant a good candidate for surgery. He explained this saying that “If this individual is, on psychiatric evalua-tionj found to have a functional overlay that is' amenablé to psychiatric care, then I think he can be rehabilitated by surgery at a later'date.”
The clear import of the evidence given by this physician is that (1) the claimant ought to be psychiatrically evaluated, (2) if this evaluation shows that the functional overlay can be improved by psychiatric treatment he ought to receive such, and (3) if by such treatment he can be made a good candidate for surgery, his back should be surgically repaired.
This is the only conclusion which can reasonably be drawn from the record.
It may well be that the psychiatric evaluation will reveal, as feared by claimant’s physician, that psychiatric treatment will not be indicated and' surgery would therefore not be of aid to claimant. These determinations should be made one at a time as the facts warrant.
We, therefore, conclude that the deputy was correct in denying the claimant’s petition for modification, but that he erred in denying psychiatric evaluation and further medical benefits which may be indicated after the results of such evaluation are made known.
For the reasons above expressed the petition for certiorari is granted, the order of the Full Commission is quashed and the cause is remanded for further proceedings consistent herewith.
It is so ordered.
ROBERTS, Acting C. J., THORNAL and CALDWELL, JJ., and KELLY, Circuit Judge, concur.