SHAW, Judge.
The claimant suffered a compensable accident on July 8,1976. Claim was filed, and on September 27, 1977, an order was entered finding claimant 25% permanently partially disabled. His condition continued to deteriorate, and a Petition for Modification was filed alleging change of condition. On July 20, 1978, permanent disability was increased to 40%. In September of 1979, another Petition for Modification was filed alleging a further change of condition. This petition was noticed for hearing on January 3,1980, at which time claimant/ap-pellee requested that the petition be held in abeyance and sought temporary total disability commencing September 1, 1979, continued medical treatment by Dr. Royce Jackson, evaluation by Dr. Frank Davis, medical treatment if indicated, and attorney’s fees and costs. No objection was voiced by the employer/carrier.
It was established that Dr. Royce Jackson, a psychiatrist, saw the claimant on November 30, 1979 and diagnosed his condition as post-traumatic depressive reaction with paranoia. The claimant was severely depressed, agitated, anxious, nervous, suicidal and paranoid. Dr. Jackson recommended that he be seen by Dr. Frank Davis, a neurosurgeon. The carrier was ordered to pay temporary total disability benefits from November 30,1979 for the duration of said disability, furnish further medical treatment as the nature of the injury and the progress of recovery may require, furnish psychiatric treatment through Dr. Royce Jackson and examination and evaluation through Dr. Frank Davis. Costs were assessed against the carrier and jurisdiction was retained for the purpose of awarding an appropriate attorney’s fee.
The appellant argues that once there had been an order entered finding MMI and awarding permanent disability benefits there can be no subsequent order awarding temporary compensation absent a showing *793 of change of condition or mistake of fact via a modification hearing. The instant situation does not accommodate such a neat resolution, for despite the claimant’s request that the modification petition be held in abeyance, the hearing was nevertheless allowed to proceed upon the request for additional temporary total disability benefits and medical treatment. The appellants were on notice as to the relief requested and voluntarily participated in the hearing. They are now in a poor position to complain because the deputy awarded the relief dictated by the evidence.
Dr. Jackson opined that on November 30, 1979, the claimant was suffering post-traumatic depressive reaction to the extent that he was nervous, suicidal and paranoid. This opinion was accepted by the deputy commissioner who found that “[s]ince November 30, 1979, the claimant has been in need of medical treatment and unable to work.” In other words, the deputy found that the claimant, who was only 40% permanently partially disabled on July 20, 1978, now has a functional impairment from a psychological or psychiatric standpoint that renders him temporarily totally disabled and in need of additional medical treatment. Clearly he has found a change in condition notwithstanding his assertion that a change of condition was not at issue. This finding is supported by competent substantial evidence.
The order is, accordingly, affirmed.
ERVIN and WENTWORTH, JJ., concur.