PER CURIAM.
The claimant injured her knee in 1976 while working for K-Mart Corporation. She filed a claim for compensation and on January 3, 1978, was awarded 5% permanent partial disability which the carrier timely accepted and paid. Subsequently, the claimant had a series of medical and psychological problems which she attributed to the K-Mart accident. In October, 1978, she filed a new claim for compensation seeking additional temporary or permanent benefits, medical treatment, and attorney’s fees.
The deputy commissioner questioned the procedure of filing a new claim in lieu of a petition for modification since the order of January 3, 1978, was final, but he allowed the hearing to continue after the following colloquy:
(By the Deputy Commissioner):
It appears there was no appeal filed on the order, so the order is a final order. You are requesting medical treatment and reinstatement of temporary total disability benefits.
*1028 MR. PASCO: That is correct.
D/C: Are you basing this on a change of condition or mistake of fact?
The only way you can proceed is on a petition for modification.
The order is final.
MR. PASCO: We are at a point where the Claimant has requested medical authorization subsequent to the order and it has been denied. The motion here is merely for authorization of Dr. Crane to continue treating the claimant and for temporary total disability as a result of the disability that Dr. Crane testified to in the deposition.
D/C: I am telling you, however, that the order is final. It was not appealed. The only way you can proceed is on a petition for modification of the order.
MR. PASCO: Is the Claimant entitled to medical attention subsequent to the final order?
D/C: There is nothing in here about continuing the treatment. There is nothing in the order. She is entitled to request medical attention anytime within a period of two years from the date of the last authorized treatment.
MR. PASCO: Which she has done and it has been denied. That is what we are here for.
The request for additional medical treatment was properly considered pursuant to the announced purpose of the hearing. Bryant v. Elberta Crate & Box Company, 156 So.2d 844 (Fla.1963). The deputy went further, however, and reserved jurisdiction to award temporary total disability. It is this portion of the order that we find to be in error as exceeding the announced scope of the hearing. In Acousti Engineering Co. v. Shivers, 391 So.2d 792 (Fla. 1st DCA 1980), we held that it is possible for a carrier to waive the filing of a petition for modification. This case differs from Shivers in that the carrier in the instant case was led by the deputy to believe that the hearing and any order resulting therefrom would be limited to the claimant’s entitlement to additional medical attention. It is clear, therefore, that the carrier did not intentionally waive the filing of a petition for modification as a prerequisite to the award of additional temporary total disability. The deputy’s reservation of jurisdiction to award temporary total disability benefits, therefore, lacks the prerequisite petition for modification and exceeds the announced scope of the héaring. Paragraph 5 of the decretal portion of the order is accordingly stricken. The order is otherwise affirmed as being supported by competent substantial evidence.
MILLS, C. J., SHAW, J., and TILLMAN PEARSON (Ret.), Associate Judge, concur.