405 So.2d 290 (1981)
Luke SMITH, Appellant,
v.
JAMES PIRTLE CONSTRUCTION CO. and Maryland Casualty Co., Appellees.
No. XX-202.
District Court of Appeal of Florida, First District.
October 30, 1981.
*291 Richard A. Sadow of Sadow & Lynne, North Miami, for appellant.
Charles Desmond Crowley, Fort Lauderdale, for appellees.
WENTWORTH, Judge.
Following entry of a final workers' compensation order in 1978 finding maximum medical improvement, awarding compensation for permanent disability, and denying claim for further medical treatment, claimant filed a motion for further medical examination. At the hearing on the motion claimant's counsel asserted a right to such examination without presentation of any evidence on need. Claimant appeals the order denying the motion, contending that § 440.13, Florida Statutes, compels reversal because it requires employers to furnish to those who suffer compensable injuries "such ... care and attendance ... and for such period, as the nature of the injury ... may require." We affirm.
Claimant asserts that, as a consequence of having had a compensable permanent impairment, he has an absolute right to a physician's examination to determine if further medical care, either palliative or remedial, is necessary. We are referred to no such precedent and, absent any evidence from claimant or otherwise, we conclude the deputy correctly denied the motion. Whether or not an order for medical examination would be a modification of a prior order finding maximum medical improvement and denying medical benefits (cf. Bryant v. Elberta Crate & Box Co., 156 So.2d 844 (Fla. 1963), and Acousti Engineering Co. v. Shivers, 391 So.2d 792 (Fla. 1st DCA 1980)), the correctness of the order refusing medical evaluation in this case as in Elberta "must be tested by whether the claimant adequately demonstrated that such ... benefits were reasonably required by the `... nature of the injury... .'" 156 So.2d at 845.
The order is accordingly affirmed.
ERVIN and JOANOS, JJ., concur.