PER CURIAM.
February 9, 1959, petitioner, feeling that he had suffered an injury while employed by respondent M & S Maintenance Co., filed claim for compensation. June 16, 1959, the deputy commissioner entered his order dismissing the claim because “The claimant has failed to produce competent substantial evidence to establish that he sustained an injury by accident as he alleged. The carrier has produced competent substantial evidence showing that the claimant did not sustain an injury as alleged.” Thereafter petitioner pursuant to § 440.28, Florida Statutes, F.S.A. sought review and modification of the deputy’s order of June 16 on the ground of newly discovered evidence. Hearing was held on the petition for modification and on November 12, 1959, the deputy found he was in error in his first order and entered a second order finding petitioner’s injury compensable. He based said finding on newly discovered evidence, the same being a “repair ticket,” and entered judgment requiring that compensa *869 tion be paid petitioner. The full commission reversed the said order because, said the full commission,
“The employer and carrier argue essentially that the repair ticket submitted by the claimant herein at the second hearing was not newly discovered evidence since it merely corroborated the testimony of the claimant in the first hearing in this matter, and therefore, should only be considered cumulative rather than newly discovered evidence. The contentions of the employer and carrier are well taken, and, in our opinion, the evidence submitted by the claimant is cumulative. The fact that the Deputy Commissioner has now changed his mind respecting the instant claim is not a ground for reopening the case under Section 440.28. There does not appear to be any basis for the Deputy to have found a mistake in the determination of fact from that of his prior order.”
We are confronted by an appeal by cer-tiorari from the order of the full commission.
The point for determination is whether or not the “repair ticket” introduced at the second hearing constituted newly discovered evidence as contemplated by § 440.28, Florida Statutes, F.S.A.
In Sonny Boy’s Fruit Co. v. Compton, Fla.1950, 46 So.2d 17, we held that in order to modify a prior compensation order on the basis of a mistake in a determination of fact, pursuant to the evidence offered in support of the modification sought must not be merely cumulative, that is, it must do more than add to or controvert the evidence already taken and considered by the deputy. We have consistently adhered to this rule. McDonough v. Versailles Hotel, Fla.1952, 57 So.2d 16; Hall v. Seaboard Maritime Corp., Fla.App.1958, 104 So.2d 384, and Power v. Joseph G. Moretti, Inc., Fla.1960, 120 So.2d 443, 446. In the latter case, the court said:
“It is well established that in order to justify the modification of a compensation order on the basis of a mistake, the subsequent showing must consist of something more than additional evidence of facts already known, an accumulation of testimony on facts previously established, a mere change of mind by a witness, or a reanalysis of the prior record by the deputy and a change of his conclusions as a result of a retrospective exploration of the original record.”
Modification of the order complained of is sought on the ground of newly discovered evidence. The newly discovered evidence consists of a “repair ticket” allegedly misplaced by petitioner and discovered by his wife after the deputy had entered his first compensation order. Careful analysis of the deputy’s first order reveals that petitioner’s claim for compensation was denied because he failed to produce competent substantial evidence showing a compensable injury, that is, that petitioner’s injury occurred while level-ling or repairing a telephone booth in accordance with the requirement of his employment. Considerable testimony was taken relative to the repair ticket at the first hearing. We do not think it can be said that the repair ticket and the evidence relating to it does more than add to or controvert the evidence taken and considered by the deputy in the first hearing.
The petition for certiorari is denied.
THOMAS, C. J., TERRELL and ROBERTS, JJ., and SAULS, Circuit Judge, concur.
DREW, J., dissents.