405 So.2d 279 (1981)
CITY OF WEST PALM BEACH, Appellant,
v.
Ben CHISOLM, Appellee.
No. YY-244.
District Court of Appeal of Florida, First District.
October 29, 1981.
William P. Doney, Asst. City Atty., West Palm Beach, for appellant.
Thomas A. Hoadley, of Hoadley & Gavigan, P.A., West Palm Beach, for appellee.
PER CURIAM.
In this workers' compensation case, the employer appeals a modification order entered by the deputy commissioner which ordered employer to pay for an orthopedic evaluation of claimant and which ordered *280 the employer to pay certain medical bills related to claimant's hemorrhoidectomy performed June 19, 1980, based upon the deputy's finding that claimant had suffered a change in condition. We reverse.
Except as to the extent that modification is permitted by Section 440.28, Florida Statutes (1978), deputies' orders are governed by the principles of res judicata or estoppel. Power v. Joseph G. Moretti, Inc., 120 So.2d 443 (Fla. 1960). It is well-settled that the modification procedures set forth in Section 440.28 were not intended as affording a claimant an opportunity to relitigate an identical issue which had been previously determined, based solely upon an increase in the quantum and probative force of evidence in support of a conclusion contrary to that reached by prior determination. Hall v. Seaboard Maritime Corporation, 104 So.2d 384 (Fla. 1st DCA 1958). Thus, the introduction of cumulative evidence which does nothing more than add to or controvert evidence already taken is insufficient to support a modification. Sonny Boy's Fruit Company v. Compton, 46 So.2d 17 (Fla. 1950).
A review of the record herein reveals that claimant failed to meet his burden to establish proper grounds for modification of the prior order. Although the evidence reveals that claimant's hemorrhoid condition had worsened since the entry of the previous order, the record also reveals that the issue of the compensability of claimant's present hemorrhoid condition was litigated in the prior hearings and was determined adversely to the claimant. Claimant may not now attempt to relitigate the issue of causal connection by the introduction of testimony which is merely more favorable to claimant than that initially presented and which should have been presented initially.
Similarly, we find that the requirement of payment by the employer for an orthopedic evaluation of claimant was erroneous. It appears that the compensability of claimant's back condition was determined adversely to claimant by the deputy's prior orders. The testimony presented at the modification proceeding was merely cumulative, and for the reasons stated above, did not establish grounds for modification of the prior order.
Accordingly, the modification order appealed is reversed.
BOOTH and SHAW, JJ., concur.
WENTWORTH, J., concurs and dissents with written opinion.
WENTWORTH, Judge, concurring and dissenting in part.
The order for orthopedic evaluation should in my opinion be affirmed. The deputy properly found that earlier orders did not show disposition of the claim for back injury, and transcripts of the earlier hearings were not essential to the claim for modification. Under these circumstances the record does not support a res judicata defense. I would conclude that upon the evidence presented the order for further medical evaluation of the alleged back injury was correct.