408 So.2d 655 (1981)
Elizabeth McKENNEY, Appellant,
v.
SCHOOL BOARD OF PALM BEACH COUNTY, and General Adjustment Bureau, Appellees/Cross-Appellants.
SCHOOL BOARD OF PALM BEACH COUNTY, and General Adjustment Bureau, Appellants,
v.
Elizabeth McKENNEY, Appellee/Cross-Appellant.
Nos. ZZ-194, ZZ-404.
District Court of Appeal of Florida, First District.
December 29, 1981.
Rehearing Denied February 5, 1982.
*656 Timothy H. Kenney, of Winkel, Sims, Kenney & Crosswell, Palm Beach, for appellant and appellee/cross-appellant Elizabeth McKenney.
John Neil Buso, of Walton, Lantaff, Schroeder & Carson, Miami, for appellants and appellees/cross-appellants School Board of Palm Beach County, and General Adjustment Bureau.
*657 SHIVERS, Judge.
This is a consolidated appeal from two workers' compensation orders. In Case No. ZZ-194, claimant appeals from the entry of an order of modification partially denying her claim for temporary total disability benefits and finding she sustained a 35% permanent partial psychiatric impairment as a result of the accident. The employer/carrier cross-appealed the entry of the order of modification, contending there was no mistake in the determination of fact by the deputy commissioner and no change in the claimant's condition since the entry of the previous order. In Case No. ZZ-404, the employer/carrier appeal from an order awarding attorney's fees and costs and the claimant cross-appeals the award of costs. We affirm in part and reverse in part.
Claimant suffered a compensable industrial accident on June 4, 1977, when the school bus she was driving was struck by a car. At the time of the accident, she did not appear to be injured. However, several days later she began to complain of pain in her back, hips, and legs. She received treatment from numerous physicians who could not find a physical cause for her complaints although she continued to suffer from persistent pain. On February 9, 1978, a hearing was held which resulted in the entry of an order on October 5, 1978, finding the claimant sustained no permanent disability as a result of the accident.
From July 3, 1979, through January 8, 1980, claimant received treatment from Dr. Vaughn, a psychiatrist, who opined that she suffered from a "psycho-physiological musculoskeletal reaction" related to the accident. He concluded that her condition was not treatable and there was very little probability she could return to the labor market. He explained that claimant's persistent pain and disability was of "psychological origin" with no physical basis although she suffers from "real pain."
Claimant then filed a petition for modification of the order entered October 5, 1978. On November 25, 1980, the deputy commissioner entered the appealed order of modification, finding there was a change in claimant's condition since the previous order and further finding that a mistake in fact was made in the previous order. He awarded claimant temporary total disability benefits from July 3, 1979, through January 8, 1980, but denied temporary total disability benefits between February 9, 1978, through July 3, 1979, because "the claimant was not seeking work and was not under active medical care." The deputy commissioner found that claimant did sustain a permanent psychological disability as a result of the accident, contrary to the previous order's finding of no permanent disability, and awarded claimant a 35% permanent partial psychological disability. He found the claimant failed to show a loss of wage-earning capacity beyond the 35% impairment rating because she failed to conduct a good faith job search.
On December 23, 1980, the second appealed order was entered awarding claimant an attorney's fee of $5,300 and $1,251.80 in costs.
We reverse the appealed order of modification awarding claimant 35% permanent partial disability benefits because, contrary to the deputy commissioner's findings, there was no mistake in the determination of fact and no change in claimant's condition since the previous order of October 5, 1978. Section 440.28, Florida Statutes (1977). In order to modify a prior workers' compensation order on the basis of a mistake in the determination of fact, evidence offered in support of the modification must not be merely cumulative; it must do more than add to or controvert the evidence already taken and considered by the deputy commissioner. Beaty v. M & S Maintenance Co., 124 So.2d 868 (Fla. 1960). A reanalysis of the prior record by the deputy commissioner and a change in his conclusion as the result of retrospective exploration of the original record is not sufficient to justify a modification. Power v. Joseph G. Moretti, Inc., 120 So.2d 443 (Fla. 1960). The previous order found that claimant had no permanent disability as a result of the accident. In entering the order of modification and awarding claimant permanent partial *658 disability benefits, the deputy commissioner relied upon the cumulative testimony of Dr. Vaughn. Dr. Vaughn testified the claimant presently has the same symptoms and the same psychological condition that she had shortly after the accident in January 1977. Dr. Auld examined the claimant after the previous order and testified that she had the same complaints at that time as he found in reviewing the reports of the physicians who examined or treated the claimant prior to the previous order. Dr. Scherer examined the claimant on September 27, 1980, and concluded she suffered from "functional overlay" which means that her symptoms were of psychological origin. Dr. Hayslip, who treated the claimant prior to the previous order, opined the claimant had "considerable functional overlay" and this diagnosis was actually noted by the deputy commissioner in the previous order denying permanent disability benefits.
Additionally, no one, including the claimant, testified that her condition had changed since the previous order so the modification order is also not sustainable on the basis of a change of condition.
Although there is sufficient evidence to support the unappealed award of temporary total disability benefits from July 3, 1979, to January 8, 1980, the deputy commissioner was correct in denying temporary total disability benefits from February 9, 1978, to July 3, 1979. There is no medical testimony in the record indicating the claimant was temporarily and totally disabled between February 9, 1978, and July 3, 1979, and, based upon her own testimony, she failed to look for employment after February 8, 1978. A claimant who fails to produce medical evidence that she was unable to work and who does not test her ability to work, has failed to meet her burden of proving that she was temporarily and totally disabled. Walter Glades Condominium v. Morris, 393 So.2d 664 (Fla. 1st DCA 1981).
In light of our reversal of the order of modification, we must also reverse the subsequent order awarding claimant attorney's fees and costs since this award was predicated upon the award of permanent partial disability benefits. However, since claimant's attorney secured the unappealed award of temporary total disability benefits to the claimant, we remand to the deputy commissioner to determine a reasonable attorney's fee and the amount of properly assessable costs.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
BOOTH and LARRY G. SMITH, JJ., concur.