410 So.2d 209 (1982)
UNIVERSAL ERECTORS, INC., and Michigan Mutual Insurance Company, Appellants,
v.
Donald MURPHY, Appellee.
No. YY-145.
District Court of Appeal of Florida, First District.
February 23, 1982.
*210 Peter H. Dubbeld of Watson, Goldstein & Douglass, P.A., St. Petersburg, for appellants.
No appearance for appellee.
PER CURIAM.
This is an appeal from a workers' compensation order granting claimant's petition for modification. Appellants contend that no mistake of fact was proven, and therefore it was error for the deputy commissioner to grant modification. We agree and reverse.
Appellee was injured in the course and scope of his employment on September 13, 1973, and was diagnosed as having a possible chronic lumbosacral strain. On February 4, 1974, the treating physician returned appellee to full work duties. After appellee worked for a few days, he returned to his physician complaining that he could not work. The treating physician remained of the opinion that appellee could work full time. Appellee then sought the opinions of several other physicians, all of whom concluded that claimant suffered no physical, neurological or psychiatric disability.
A hearing on a claim for compensation was held on April 13, 1976. Claimant sought additional temporary total disability benefits for the period of February 4, 1974, to July 4, 1974, wage loss benefits, future medical, attorney's fees, costs, penalties and interest. The employer/carrier contended that maximum medical improvement had been reached on February 4, 1974, with no permanent disability, and that all benefits had been timely paid. At the conclusion of the hearing, the judge of industrial claims stated "... there's very little competent substantial evidence of anything here except the man had an accident, he got paid for four months... ." In the final order, the judge of industrial claims again noted the lack of evidence presented by claimant and dismissed the claim. That order was not appealed.
On June 28, 1977, a petition for modification was filed seeking modification of the prior order on the ground that the judge of industrial claims' interpretation of the evidence was erroneous. At the hearing on the petition for modification, claimant argued that the prior order was based on an honest mistake by the court in interpreting the evidence. The employer/carrier argued that the petition for modification was in fact an attempt to appeal the prior order. Since no timely appeal had been taken, the findings of fact in that order had become final and were res judicata.
On October 2, 1980, the deputy commissioner entered an order granting the petition for modification based on a mistake of fact. In that order, the deputy states that the testimony at the prior hearing was not clear as to whether claimant could have worked during the period from mid-March until July 4, 1974. The deputy found that maximum medical improvement was reached on July 4, 1974, and ordered temporary total disability benefits from March 15, 1974, to July 4, 1974.
The statutory provision for modification based on change of condition or mistake of fact provides an exception to the doctrine of res judicata. Cabrera Vulcan Shoe Corp. v. Padron, IRC Order 2-2593 (1974), cert. denied, 304 So.2d 128 (Fla. 1974). The purpose of modification is to *211 provide a remedy for the parties where the condition of the claimant has changed or where the prior order entered by the judge was based upon a mistake in a determination of fact. Ft. Harrison Hotel v. Matroni, IRC Order 2-2856 (1975). Modification is not a method of relitigating issues which have previously been determined. Hall v. Seaboard Maritime Corporation, 104 So.2d 384 (Fla. 1st DCA 1958). It is well established that cumulative evidence which merely controverts or supports evidence taken at the original hearing is not sufficient as a basis for modification. Beaty v. M & S Maintenance Co., 124 So.2d 868 (Fla. 1960); Sonny Boy's Fruit Co. v. Compton, 46 So.2d 17 (Fla. 1950); City of West Palm Beach v. Chisolm, 405 So.2d 279 (Fla. 1st DCA 1981).
It is clear from a review of the record that claimant failed to establish a mistake of fact which required modification of the previous compensation order. As in Amway Corporation v. Yearby, IRC Order 2-3319 (1978), at most, it appears that the facts presented to the judge of industrial claims at the original hearing were incomplete. An alternative conclusion which could be reached is that the deputy commissioner changed his mind as to the sufficiency of the evidence originally presented to him; this, of course, is not a basis for modification. Chris Boat Yard v. Albury, IRC Order 2-2418 (1973), cert. denied, 292 So.2d 20 (Fla. 1974).
The evidence presented at the modification proceeding did not establish grounds for modification of the order. Accordingly, the order appealed is REVERSED.
BOOTH, SHAW and WENTWORTH, JJ., concur.