413 So.2d 128 (1982)
UNIVERSITY INNS and Insurance Company of North America, Appellants,
v.
Belva Joyce DAVIS, Appellee.
No. ZZ-143.
District Court of Appeal of Florida, First District.
April 26, 1982.
*129 Donna L. Bergh of Walker, Buckmaster, Miller & Ketcham, Orlando, for appellants.
Jesse F. Sparks, Jr., Orlando, for appellee.
BOOTH, Judge.
This cause is before us on appeal by the employer/carrier from an order "modifying"[1] a previous order. The previous order of January 29, 1979 found maximum medical improvement and no permanent disability as a result of an accident of March 12, 1978. The order sought to be reviewed, entered 11 months later, on December 8, 1980, awarded claimant additional temporary total disability benefits, remedial medical treatment by a psychiatrist and costs.
On appeal, the employer/carrier contends that the award of additional benefits was erroneous, as the previous order had found Davis reached maximum medical improvement with no permanent disability from her March 12, 1978 accident, and there was no evidence presented which would support modification. We agree and reverse.
Claimant contends that modification was not required because the previous order only concerned an "orthopedic maximum medical improvement." Where a claimant suffers two separate medical conditions as a result of one industrial accident, separate maximum medical improvement dates may be determined by the Deputy Commissioner, with the last maximum medical improvement date marking the end of all temporary disability and of the need for remedial treatment. See Mora v. Max Bauer Meat Packing, Inc., 378 So.2d 119 (Fla. 1st DCA 1980). This date is also the beginning of permanent disability. Giffen Industries of Orlando v. Campbell, 8 FCR 157 (August 22, 1978), cert. denied, 289 So.2d 734 (Fla. 1974); Corral v. McCrory Corporation, 228 So.2d 900 (Fla. 1969). Here, the record establishes that psychiatric treatment was claimed in the earlier proceeding and maximum medical improvement determined. The Deputy Commissioner's finding that Davis reached maximum medical improvement on August 10, 1978, with no permanent disability, therefore barred further compensation awards absent modification proceedings.
In order to justify modification pursuant to Florida Statutes, Section 440.28, the claimant must demonstrate either a change in condition or a mistake in a determination of fact. E.g., McKenney v. School Board of Palm Beach County, 408 So.2d 655 (Fla. 1st DCA 1981). Modification proceedings are not intended to permit a claimant to relitigate issues which have been previously determined. City of West Palm Beach v. Chisolm, 405 So.2d 279 (Fla. 1st DCA 1981); Universal Erectors, Inc. v. Murphy, 410 So.2d 209 (Fla. 1st DCA, 1982). Evidence which merely supplements or controverts that already taken is insufficient, as held in the oft-cited case of Sonny Boy's Fruit Company v. Compton, 46 So.2d 17 (Fla. 1950).
Here, the Deputy Commissioner's failure to rule specifically on whether the requirements of Section 440.28 were met was not fatal, had there been competent substantial evidence to support modification. Acousti Engineering Co. of Florida v. *130 Shivers, 391 So.2d 792 (Fla. 1st DCA 1980). However, no evidence whatsoever of a mistake of fact or change of condition since the January 29, 1979 order was presented below; the testimony and medical reports produced were merely cumulative of evidence of Davis' psychiatric disability which had been presented in the 1979 proceeding. One of the orthopedic surgeons who examined Davis in May, 1980 stated that there had been "no change" in her condition since 1978; and claimant's psychiatrist, Dr. Bernstein, testified that his current diagnosis of a psychogenic pain disorder was "essentially the same" as his diagnosis had been when he treated Davis in 1977, prior to the accident. Even Davis' testimony indicates that she had returned to her attorney subsequent to the 1979 order precisely because her condition had not improved or changed.
The award of further temporary total disability benefits, remedial medical treatment and costs in this case was also erroneous because there was no medical evidence that Davis' psychiatric condition at the time of the modification hearing was causally related to her March 12, 1978 accident. See Nix v. Merrill-Stevens Drydock & Repair Co., 107 So.2d 616 (Fla. 1st DCA 1958); Two Brothers Catering v. Castro, 9 FCR 243 (1975), cert. dismissed, 316 So.2d 58 (Fla. 1975). When Dr. Bernstein was asked in 1980 whether he had an opinion "within reasonable psychiatric probability" as to whether her 1978 injury was causally related to her current need for treatment, he answered "I don't know."
There was no medical testimony supporting a causal relationship. Claimant's own testimony that she had hurt since the accident did not establish causation and would have been insufficient for this purpose in any event, since the origin of her psychiatric illness was not readily discoverable without a medical examination. Scotty's, Inc. v. Jones, 393 So.2d 657 (Fla.App. 1981).
In view of our determination on these issues, reversal of the order below is required, and it is unnecessary to consider appellants' remaining points on appeal.
REVERSED.
LARRY G. SMITH and SHIVERS, JJ., concur.
NOTES
[1] There was no petition for modification, and the Deputy, in entering the order sought to be reviewed, did not treat the petition as one for modification.