478 So.2d 115 (1985)
METROPOLITAN TRANSIT AUTHORITY and Metropolitan Dade County Self-Insurance Fund, Appellant,
v.
Thomas BRADSHAW and Division of Workers' Compensation, Appellee.
No. BA-367.
District Court of Appeal of Florida, First District.
November 8, 1985.
*116 Jeffrey S. Breslow of Adams, Kelly & Kronenberg, Miami, for appellant.
Gene Flinn, Miami, for appellee.
MILLS, Judge.
Metropolitan Transit Authority and Metropolitan Dade County Self-Insurance Fund (E/C) appeal from a workers' compensation order granting Bradshaw's motion for modification. The E/C contend no showing was made by Bradshaw of a causal relationship between his industrial accident and his psychiatric problems, and further, there was no showing of a change in his condition so as to merit modification of the former denial of nursing care services. We agree and reverse.
Bradshaw was seriously injured in an industrial accident in May of 1974. He required surgery and ultimately was left permanently and totally disabled. In January, 1983, Bradshaw made a claim for modification of the original order for psychiatric care and nursing services.
During the hearing on this motion, Bradshaw presented testimony by himself, his wife, and Dr. Jerome Powell, a chiropractor, as well as letters and reports from Dr. Susan Moreno, a psychiatrist, and Dr. W. Scott Piper, an orthopedic surgeon. From the evidence adduced, the deputy determined that Bradshaw's condition had worsened since the time of the original order and awarded psychiatric care and nursing care and/or attendant services on an as needed basis.
As this court stated in University Inn v. Davis, 413 So.2d 128 (Fla. 1st DCA 1982), where a psychiatrist does not render or is unable to render an opinion as to whether a claimant's psychiatric condition is causally related to his industrial accident, an award of benefits based on the claimant's psychiatric condition is in error. In the present case, the only medical evidence associating Bradshaw's mental condition with his on-the-job injury, other than the chiropractor's testimony, is a report by Dr. Greenberg, a psychiatrist, addressed to Bradshaw's treating psychiatrist which states in part: "It can be hypothesized that his depression is associated with exacerbation of his life-long feelings of inadequacy and weakness due to awareness of his mental deterioration, physical problems, and inability to work."
We find this report does not supply sufficient medical testimony to support a causal relationship. Further, while Dr. Powell tried to render a professional opinion that Bradshaw is unable to care for himself and needs psychiatric assistance, he is a chiropractor and this opinion admittedly goes beyond his expertise. In this regard, it should be noted that the deputy states in his order that he was persuaded by the testimony of Dr. Powell.
Therefore, inasmuch as it has been held the vantage point of a reviewing court is not inferior to that of a deputy in interpreting *117 deposition evidence, which implicitly includes reports and letters, we reverse for lack of competent substantial evidence. Poorman v. Muncy & Bartle, 433 So.2d 1371 (Fla. 1st DCA 1983).
Although it is obvious from the record that Bradshaw's condition has progressively worsened since the original order, in view of our conclusion that a causal relationship has not been established between his current mental condition and his industrial accident, the award of nursing services must be reversed as well. This result is required because the deputy premised the award of nursing/attendant care services on Bradshaw's psychiatric condition, rather than on a deterioration in his physical injury associated with the accident.
Reversed.
THOMPSON, J., concurs.
SMITH, J., concurs in part and dissents in part with opinion.
SMITH, Judge, concurring in part, and dissenting in part.
I concur in the majority's denial of the claim for nursing services, but I dissent from that portion of the decision reversing the award of psychiatric care. The majority fails to consider the more important finding contained in Dr. Greenberg's report which states:
In summary, the overall test patterns indicate the presence of a severe depression which reaches near psychotic proportions. His depression appears to be secondary to organic dysfunction which his [sic] resulting in significant intellectual impairment, as well as his physical programs and inability to work....
I think the evidence supports the order for psychiatric care. As found by the deputy, the injuries and resulting physical deterioration have undoubtedly aggravated the claimant's existing psychiatric condition. I would therefore affirm this portion of the award.