509 So.2d 1377 (1987)
NORRELL CORPORATION AND Crawford & Company, Appellants,
v.
Karen CARLE, Appellee.
No. BO-341.
District Court of Appeal of Florida, First District.
July 23, 1987.
*1378 Ralph J. McMurphy of Green, Simmons, Green, Hightower & Gray, Ocala, for appellants.
J.W. Chalkley, III of Chalkley & Sims, Ocala, for appellee.
NIMMONS, Judge.
The Employer/Carrier appeal from a workers' compensation order requiring that the E/C authorize a certain psychiatrist to furnish claimant psychiatric counseling and treatment.[1]
On January 24, 1985, claimant was injured in an accident during the course of her employment. Claimant had parked her car and had walked behind it. The car she had been driving rolled backward, catching her between it and another car parked behind her. Claimant suffered contusions to both knees and legs.
Approximately one year later, claimant filed her claim for benefits seeking an order requiring the E/C to provide psychiatric counseling and treatment. The deputy's order finding that claimant was entitled to such medical services was based entirely upon the office notes of claimant's orthopedic surgeon and claimant's own testimony.
The orthopedic surgeon, Dr. Freed, has treated claimant since July 1985. His office notes, which were relied upon by the deputy, were those entered on February 11 and February 25, 1986. The February 11 entry states:
The patient admits to some recent depression including some crying spells and difficulty in sleeping. I feel that consultation with Dr. Byrd would be appropriate for her depressive episodes.
The entry for February 25, 1986 provides:
Telecon c Tina Jones; State W/C. re: whether or not depression is work-related. Dr. Freed feels it is and that psychiatric consult is in order. /BJ.
Claimant testified that she had told Dr. Freed that she was depressed and that since the accident she has had crying spells and wanted to see a psychiatrist.
Our review of the record in this case leads us to conclude that there is no competent substantial evidence to support the deputy's order for psychiatric treatment. The claimant failed to adequately demonstrate that psychiatric treatment was reasonably required by the nature of the injury or the process of recovery. Section 440.13(2)(a), Florida Statutes (1985); Smith v. James Pirtle Construction Co., 405 So.2d 290 (Fla. 1st DCA 1981). "It has long been the law in this state that for post-traumatic neurosis to be compensable, it must be the direct and immediate result of the industrial injury and not merely remotely connected with the injury." Franklin Manor Apartments v. Jordan, 417 So.2d 1159, 1160 (Fla. 1st DCA 1982); Superior Mill Work v. Gabel, 89 So.2d 794 (Fla. 1956); The Horse Haven v. Willit, 438 So.2d 123 (Fla. 1st DCA 1983).
There is no sufficient evidence establishing that claimant has psychiatric difficulties that are the direct and immediate result of her industrial injury. Claimant's own testimony that she had been depressed and suffered crying spells since the accident is insufficient to establish a causal relationship between the accident and her alleged psychiatric difficulties. See University Inns v. Davis, 413 So.2d 128 (Fla. 1st DCA 1982) and Scotty's, Inc. v. Jones, 393 So.2d 657 (Fla. 1st DCA 1981).
Further, the only medical evidence associating claimant's alleged depression with her industrial injury are the notes of Dr. Freed, an orthopedic surgeon. We find that these notes do not supply sufficient medical evidence to support a causal relationship. Dr. Freed's opinion on the issue of causation between claimant's depression *1379 and her industrial injury goes beyond his area of expertise. This court has recognized that an opinion as to the need for psychiatric treatment is beyond the expertise of a chiropractor and a general surgeon. See Metropolitan Transit Authority v. Bradshaw, 478 So.2d 115 (Fla. 1st DCA 1985) and Romero v. Waterproofing Systems of Miami, 491 So.2d 600 (Fla. 1st DCA 1986).[2]
Accordingly, insofar as the appealed order requires the E/C to provide psychiatric treatment, the order is REVERSED.
BOOTH and JOANOS, JJ., concur.
NOTES
[1] The order adjudicated other compensation issues from which no appeal has been taken.
[2] It should be understood that we are dealing in the instant case with a claim for and order requiring continuing psychiatric treatment, not merely a psychiatric evaluation. Compare Blackshear v. Bethune Cookman College, 467 So.2d 721 (Fla. 1st DCA 1985) (held claimant entitled to evaluation), with Metropolitan Transit Authority v. Bradshaw, 478 So.2d 115 (Fla. 1st DCA 1985) (held claimant not entitled to treatment).