BARFIELD, Judge.
The claimant contends that the deputy commissioner erred in denying reimbursement for psychiatric treatment which he received without prior approval by the employer/carrier or the deputy commissioner. We affirm.
Relying on the unchallenged opinion of Dr. Rogers, the treating orthopedist, that the claimant did not need psychiatric evaluation or treatment, the deputy commissioner concluded that the unauthorized treatment was neither reasonable nor necessary. The claimant did not question Dr. *425 Rogers’ competence to render the psychiatric opinion in the hearing before the deputy commissioner. Neither did he raise the question of Dr. Rogers’ competence as an expert witness in psychiatry in his initial brief on appeal. It was only in the reply brief that the claimant suggested that Norrell Corp. v. Carle, 509 So.2d 1377 (Fla. 1st DCA 1987), precluded the deputy commissioner from relying on Dr. Rogers’ opinion testimony with respect to the claimant’s need for psychiatric evaluation or treatment.
This physician may or may not have been qualified to render a psychiatric opinion. However, the question not having been presented to the deputy commissioner, it is too late to raise the competence of a witness for the first time before this court, especially in a reply brief. Carillon Hotel v. Rodriguez, 124 So.2d 3 (Fla.1960); Mariani v. Schleman, 94 So.2d 829 (Fla.1957).
The deputy commissioner’s order is AFFIRMED.
WIGGINTON, J., concurs.
BOOTH, J., dissents, with written opinion.