435 So.2d 864 (1983)
WELLCRAFT MARINE CORPORATION and Crawford and Company, Appellants,
v.
Judy A. TURNER, Appellee.
No. AP-56.
District Court of Appeal of Florida, First District.
June 30, 1983.
Rehearing Denied August 12, 1983.
John J. O'Riorden of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, Sarasota, for appellants.
Alex Lancaster, Sarasota, for appellee.
*865 NIMMONS, Judge.
The employer/carrier (E/C) appeals from the deputy commissioner's order awarding wage-loss benefits. The E/C asserts that the deputy erred because the claimant failed to present evidence supporting a finding of a permanent physical impairment as required by Section 440.15(3)(b), Florida Statutes. The deputy, however, ruled that the claimant was not required to present such evidence because this was the subject of a prior wage-loss hearing which resulted in an unappealed order awarding wage-loss benefits.
The hearing resulting in the appealed order was the third wage-loss hearing held before the deputy commissioner. The first wage-loss hearing in April, 1981, resulted in an order denying the claim on the grounds that the claimant had not made an adequate job search. A subsequent wage-loss claim heard in October, 1981, resulted in an order awarding the claimant wage-loss benefits, the order expressly finding that the accident resulted in permanent impairment. The E/C did not appeal that order.
Except to the extent modification is permitted by Section 440.28, Florida Statutes, deputies' compensation orders are governed by the same principles of res judicata and estoppel as are applied to judgments of courts. Power v. Joseph G. Moretti, Inc., 120 So.2d 443 (Fla. 1960); City of West Palm Beach v. Chisolm, 405 So.2d 279 (Fla. 1st DCA 1981); compare Flesche v. Interstate Warehouse, 411 So.2d 919 (Fla. 1st DCA 1982). Although the statutory scheme governing a claimant's entitlement to wage-loss benefits affords the employer/carrier the right to contest on appropriate grounds succeeding wage-loss claims, §§ 440.15(3)(b), 440.185(10), and 440.20, Florida Statutes, there would be no justification for requiring the parties to relitigate the element of permanent impairment after the same has been determined in a wage-loss proceeding. We hold that estoppel by judgment precludes the E/C from relitigating the issue of permanent impairment.
This, of course, does not mean that the E/C would be foreclosed from controverting the claim on the basis of an alleged change in the claimant's condition in which case the E/C would bear the burden of proving such change in condition. The deputy's order, after ruling that the claimant need not again prove permanent impairment, then construed the E/C's notice to controvert as a petition for modification on the grounds of a change in condition pursuant to Section 440.28, Florida Statutes. The deputy's order then correctly ruled that the E/C failed to prove such a change in the claimant's condition.
The deputy commissioner's order awarding wage-loss benefits is therefore AFFIRMED.
LARRY G. SMITH and JOANOS, JJ., concur.