NIMMONS, Judge.
The employer/carrier (E/C) appeal from an order awarding wage-loss benefits. We reverse.
The order appealed is the second order adjudicating compensation benefits emanating from the subject accident. A review of the proceeding concerning that prior order is determinative of the issues in the instant case. Prior to the first hearing, claimant filed his claim for temporary disability benefits, wage-loss benefits, an increase in average weekly wage, rehabilitation benefits and attorneys fees. Pursuant to the pre-hearing stipulation, among the issues con *329 sidered at the first hearing on October 15 and 22, 1981, were: (1) whether and, if so, when claimant reached maximum medical improvement; (2) whether claimant sustained any permanent physical impairment; and (3) whether claimant was entitled to wage-loss benefits. At the first hearing, counsel for claimant asserted that Doctor Hoffman’s testimony demonstrated that a permanent physical impairment exists.
After the first hearing, the deputy commissioner entered his order on October 23, 1981, in which he, among other things: (1) found that the claimant reached maximum medical improvement on June 29, 1981; (2) awarded temporary partial disability benefits through the date of MMI; and (3) denied the claim for wage-loss benefits. The order recited:
The testimony of Dr. Hoffman does not show that the condition he found was a permanent impairment. This is a prerequisite to a claim for wage-loss benefits. Therefore, the claim for wage-loss benefits until October of 1981 should be denied.
No appeal was taken from that order.
Claimant filed a subsequent claim for wage-loss benefits for the period of October 1, 1981, to February 24, 1982. At the hearing in March, 1983, claimant introduced into evidence Dr. Hoffman’s January 15, 1982, letter expressing an opinion that claimant had a permanent impairment under the A.M.A. Guides.[1] Dr. Hoffman also testified to such at the March, 1983, hearing. The deputy rejected the E/C’s arguments that the first order was res judicata on the issue of the claimant’s alleged permanent physical impairment and that, absent a supportable petition for modification under Section 440.28, Florida Statutes, the deputy could not relitigate that issue. In awarding wage-loss benefits through January, 1982, the deputy’s order observed that “the prior order made no finding that the claimant had no permanent impairment, but simply held that Dr. Hoffman’s testimony at that time did not show that there was a permanent impairment.” In this ruling, the deputy erred.
The issue of whether the claimant had a permanent physical impairment was not only ripe for determination, Hunt v. International Minerals and Chemical Corporation, 410 So.2d 640 (Fla. 1st DCA 1982), but was clearly litigated at the hearing on the claimant’s first claim for wage-loss benefits. As is apparent from the deputy’s first order, the claimant simply failed in his proof of a permanent impairment. In Wellcraft Marine Corporation v. Turner, 435 So.2d 864 (Fla. 1st DCA 1983), we held:
Except to the extent modification is permitted by Section 440.28, Florida Statutes, deputies’ compensation orders are governed by the same principles of res judicata and estoppel as are applied to judgments of courts. Power v. Joseph G. Moretti, Inc., 120 So.2d 443 (Fla.1960); City of West Palm Beach v. Chisolm, 405 So.2d 279 (Fla. 1st DCA 1981); compare Flesche v. Interstate Warehouse, 411 So.2d 919 (Fla. 1st DCA 1982). Although the statutory scheme governing a claimant’s entitlement to wage-loss benefits affords the employer/carrier the right to contest on appropriate grounds succeeding wage-loss claims, §§ 440.-15(3)(b), 440.185(10), and 440.20, Florida Statutes, there would be no justification for requiring the parties to relitigate the element of permanent impairment after the same has been determined in a wage-loss proceeding. We hold that estoppel by judgment precludes the E/C from re-litigating the issue of permanent impairment.
Just as the E/C in Wellcraft was foreclosed from relitigating the issue of permanent physical impairment, so also is the claimant in the case at bar.
Neither can we sustain the deputy’s order by treating the second claim for wage-loss benefits as a petition for modification of the first order. Notwithstanding the deputy’s offer at the second hearing to treat the claimant’s wage-loss claim as a *330 Section 440.28 petition for modification, counsel declined the offer expressly maintaining at hearing, as well as on appeal, that there was neither change in condition nor mistake which would support such a modification petition.
Claimant cross-appeals that part of the order denying wage-loss benefits after January, 1982. In view of our disposition of the E/C’s appeal on the above grounds, we need not reach the issues raised on cross-appeal.
The deputy’s order awarding wage-loss benefits is accordingly REVERSED.
WENTWORTH and ZEHMER, JJ., concur.

. The American Medical Association’s Guides to the Evaluation of Permanent Impairment.