ZEHMER, Judge.
This workers’ compensation case was previously before us (Case No. AR-41), and it resulted in reversal and remand for further findings. Lewis v. Town & Country Auto Body Shop, 447 So.2d 403 (Fla. 1st DCA 1984). Upon remand, the deputy commissioner newly assigned to the case entered an order finding that the mandate issued pursuant to our opinion had been satisfied by a final order rendered during the pendency of the appeal and that he did not have further jurisdiction of the cause. Before us is claimant’s motion to compel the deputy commissioner to comply with that mandate. The order rendered during the appeal in AR-41 denied benefits to claimant and has been appealed by claimant. For purposes of appellate review, we have consolidated this appeal with our consideration of appellant’s motion to compel compliance with our mandate in AR-41.
It is necessary to summarize and supplement the facts stated in our prior opinion to complete the picture of what has occurred. Claimant suffered a compensable back injury on February 5, 1982, and was treated by Dr. Downey, a chiropractor. On April 9, 1982, the employer/carrier terminated payment of temporary total disability benefits (TTD) and medical benefits, taking the position that claimant reached maximum medical improvement (MMI) on April 5, 1982. Claimant filed for TTD benefits from April 9, 1982, to the date of final hearing, past medical expenses of Dr. Downey, and continued medical care and attention from Dr. Downey or an alternate physician. Final hearing was held September 23, 1982, at which time the deputy found that claimant had suffered a compensable accident resulting in injury to his lower back and that *804 he received extensive chiropractic services from Dr. Downey. The deputy noted that Dr. Downey admitted at the hearing that claimant had obtained the status of MMI and physical recovery from chiropractic treatment, but that he was in need of additional diagnostic study and evaluation by an orthopedic surgeon, which had not at that time been afforded claimant by the employer/carrier. The deputy found that claimant had not reached MMI, was TTD up to the date of hearing, and set his average weekly wage (AWW). Claimant was awarded the past expenses of treatment by Dr. Downey and TTD benefits to the date of the hearing, and the employer/ carrier was directed to provide claimant with continued “remedial and/or palliative medical care and attention consistent with the nature of his injury and the„process of his recovery in the manner and for the time period prescribed by law.” The deputy left to the employer/carrier the right of first selection of an orthopedic surgeon to evaluate and treat claimant.
On October 28, 1982, claimant was examined by Dr. Keeler, an orthopedic surgeon authorized by the employer/carrier. Dr. Keeler determined from his examination that claimant had attained the status of MMI as of the date of his examination. At that point, the employer/carrier refused further medical care to claimant and Dr. Keeler refused to see claimant anymore. Two months later, on December 30, 1982, claimant filed a “motion for authorization for medical treatment.” In passing upon the motion, the deputy considered the live testimony of claimant and the deposition of Dr. Keeler. The deputy noted that the issue to be resolved was whether claimant had attained the status of MMI such that he would not be entitled to further medical treatment. The deputy noted that the sole medical evidence before him was that of Dr. Keeler and that Dr. Keeler opined that claimant reached MMI on October 28, 1982. Specifically noting that claimant’s “voiced subjective degree of symptomotology” was not a sufficient basis for awarding claimant further medical treatment, the deputy accepted the medical testimony of Dr. Keeler and denied claimant further medical treatment. He did not, however, set a specific MMI date.
Claimant appealed the denial of his motion for further medical treatment. In an opinion issued March 21, 1984, we reversed the deputy’s order and remanded for further proceedings. Lewis v. Town & Country Auto Body Shop, 447 So.2d 403. We held that the deputy erred in implicitly finding claimant reached MMI on October 28, 1982, because he did not consider the evidence presented by claimant as competent to contradict the medical evidence of Dr. Keeler. We ordered the deputy, on remand, to reconsider the evidence presented and to appoint claimant another orthopedic surgeon should he determine claimant’s complaints of continued symptomology to be credible. We also ordered the deputy to find either that MMI had not been reached or to set a specific MMI date.
While the foregoing appeal (Case No. AR-41) was pending before this court, claimant filed a claim for compensation benefits and an application for hearing seeking:
[MJedical treatment in the future; past medical treatment of Dr. Richard Campanile, Dr. Edward Sabatelle, and Dr. Dennis Downey; future rehabilitation as prescribed by Dr. Sabatelle and Dr. Campanile; temporary total disability benefits, temporary partial disability benefits, permanent total disability benefits, and/or wage-loss benefits from and after September 24, 1982, to the present, interest, costs, penalties, and attorney’s fees.
A hearing on these claims was held December 22, 1983, at which the employer/carrier took the position that the deputy was without jurisdiction to consider the issues presented pending appellate review in this court in Case No. AR-41. The employer/carrier took the alternative position that claimant had attained MMI as of October 28, 1982, and was not entitled to further benefits. The deputy ruled that he had jurisdiction over the matter and proceeded to the merits. He received live testimony *805 from claimant and received several depositions from physicians who had treated claimant. A final order was rendered December 29, 1983, in which the deputy held that:
To the extent there are conflicts contained in the medical opinions of the physicians who have heretofore examined and/or treated the employee-claimant, the undersigned would resolve those conflicts by accepting the testimony and opinion of Dr. Keeler that the employee-claimant did attain the status of maximum medical improvement on October 28, 1982.
In accordance with the above finding, the deputy denied and dismissed with prejudice claimant’s claim for compensation benefits.
Claimant timely appealed the December 29 order, and for purposes of appellate review our consideration of that appeal was consolidated with our consideration of the motion to compel the deputy commissioner to comply with the mandate in Case No. AR-41.
Claimant’s December 30, 1982, claim sought the appointment of an authorized physician to render further medical treatment, and the employer/carrier defended on the basis that since claimant had reached MMI he was not entitled to further medical care. The operative issue on that claim was whether claimant had reached MMI on or before December 30, the date the claim was filed. When the deputy denied claimant’s motion, he did not specifically set MMI, but by necessary implication he ruled that MMI had been reached on or before December 30. Because there were no other issues ripe for determination at that time, the deputy’s order was appealed to this court as a final order and we took jurisdiction over the question of whether claimant had reached MMI by December 30, 1982.
Rule 21, Workers’ Compensation Rules, provides: “Upon application to the District Court for review of an order of a deputy, jurisdiction of the cause to the extent of the issues raised is vested in the District Court and the deputy shall have no further jurisdiction.” Applying this rule, once the claimant appealed the deputy’s order denying further medical treatment, the deputy was without jurisdiction to rule on any issue involving whether MMI was reached on or before December 30, 1982.
While the appeal was pending in Case No. AR-41, a claim seeking compensation and medical benefits “from and after September 24, 1982” was filed on September 12, 1983. Full resolution of this claim necessarily required the deputy to consider whether claimant had reached MMI at any time between the period of September 24 and December 30, 1982. As this precise issue was on appeal at that time, the deputy, under rule 21, was without jurisdiction to consider the issue. Because claimant’s September 12, 1983, claim was not separated into a time period before December 30 and after December 30, but was tried as a unified claim, we must reverse the entire order entered on December 29, 1983.
The holding of this case is limited strictly to the facts herein. We are not confronted with a situation where a claim is pending appeal and a second claim is made that does not involve the same time period or the same issues as the first claim. See Payne v. Griner-Woodruff, Inc., 462 So.2d 518 (Fla. 1st DCA 1985). The serial nature of workers’ compensation claims often compels consideration by the deputy of one claim while another is on appeal, but the unusual facts of this case require that the December 29, 1983, order be reversed for lack of jurisdiction.
We also grant the motion to compel the deputy commissioner to comply with our mandate in Case No. AR-41. In that case, we held that the deputy might consider the credibility of claimant’s testimony of continued symptoms as a basis for further medical evaluation and treatment, even in the face of conflicting medical evidence. Although there have been at least two hearings held in this case where claimant has given testimony as to his medical condition, both hearings were before former deputy commissioner Earle. We note that on remand another deputy commissioner *806 will be considering the matter. In order for that deputy to comply with our mandate regarding consideration of claimant’s testimony and credibility, it will be necessary for the deputy to at least have the benefit of live testimony from claimant. The deputy must then determine whether claimant has reached MMI; if so, the date he reached it; and the compensation or medical benefits due claimant. We caution that our holding in this case is limited to the peculiar circumstances shown to have occurred.
REVERSED and REMANDED.
WENTWORTH and NIMMONS, JJ., concur.