510 So.2d 1018 (1987)
Walter MILLER, Appellant,
v.
RICHARD COLE ROOFING and Cigna Companies, Appellees.
No. BP-22.
District Court of Appeal of Florida, First District.
July 15, 1987.
*1019 J. Michael Brennan, of Brennan and Muschott, Ft. Pierce, for appellant.
James M. Hess, Orlando, for appellees.
MILLS, Judge.
The claimant in this workers' compensation case filed a claim for wage-loss benefits in June 1985 that resulted in an order dated 14 April 1986. In the order, the deputy commissioner found the claimant entitled to full wage-loss benefits from May 1985 through 20 July 1985. He also found the claimant entitled to wage-loss benefits reduced by deemed earnings for September 1985. No findings were made relative to any period following September 1985. The order was not appealed.
Also on 14 April 1986, the claimant filed another claim seeking wage-loss benefits from April 1985 through April 1986. The claim was controverted, and the deputy entered the order appealed on 25 July 1986. The deputy found the previous order res judicata as to the claimant's deemed earning capacity. He treated the 14 April 1986 claim as a petition to modify the order of the same date. Concluding there had been no mistake of fact or change in condition, the deputy dismissed the "modification petition" with prejudice.
The claimant concedes that the unappealed order of 14 April 1986 established entitlement to, and the amount of, wage-loss benefits through September 1985, and that the deputy had no obligation to revisit that period. But the claimant argues that the deputy erred in failing to consider de novo the claim for wage-loss benefits from October 1985 through April 1986, including the applicability or inapplicability of deemed earnings to that claim. We agree.
This failure violated the principle that entitlement to wage-loss benefits is determined monthly, and that failure to qualify for one period does not necessarily preclude benefits for a subsequent period. Regency Inn v. Johnson, 422 So.2d 870, 881 (Fla. 1st DCA 1982), review denied, 431 So.2d 989 (Fla. 1983). In addition, a finding that deemed earnings may be applied to reduce wage-loss benefits for one month does not automatically entitle an employer/carrier to apply deemed earnings thereafter. The issue with respect to each month for which wage-loss benefits are claimed is whether the evidence supports a connection between the wage loss and the compensable injury. Whalen v. U.S. Elevator, 486 So.2d 670, 671 (Fla. 1st DCA 1986). Because the deputy did not consider this fundamental issue, including the claimant's work search for the period after September 1985, we reverse the denial of wage-loss benefits for October 1985 through April 1986, and remand for reconsideration on the merits of the claim for *1020 that period. The deputy's refusal to reconsider the claim for benefits during the period covered in the order of 14 April 1986 is affirmed.
AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings not inconsistent with this opinion.
WENTWORTH and BARFIELD, JJ., concur.