MINER, Judge.
This is a timely appeal of a workers’ compensation order denying wage loss benefits for claimant’s failure to show that wage loss was causally related to his injury. We reverse with instructions.
In July of 1982, claimant sustained a compensable injury for which he received medical treatment including surgery. The employer/carrier (e/c) paid temporary total disability benefits (TTD) from August 2, 1984 until November 2 of that year when maximum medical improvement was reached. As a consequence of his injury and subsequent surgery, claimant sustained a 20% disability of the body as a whole and collected wage loss benefits until May 6, 1985 when such benefits were terminated. Thereafter, wage loss benefits were requested by claimant from the time the e/c stopped paying in May of 1985 until his first hearing on the subject in May of 1987.
By order dated May 20,1987, the deputy commissioner (dc) denied claimant’s wage loss request finding that no causal connection had been established between claimant’s accident and his wage loss. As the basis for this conclusion, the dc cited testimony from a Dr. Rosomoff who opined that claimant was a malingerer. The dc also noted that a Dr. Miller had, on examination of claimant, found a “factitious” disorder and a personality aberration unconnected with his injury. The dc did not consider evidence of a work search by the claimant because no such evidence was presented.
Claimant thereafter filed a second request for wage loss benefits covering the four month period from June through October of 1987. A hearing was held on November 30, 1987 with claimant as the only live witness. The e/c defended the wage loss claim asserting that claimant had not conducted a good faith job search. Claimant’s job search records were admitted into evidence and he testified that he began searching for employment at the prodding of his attorney, that the majority of the businesses he contacted were not hiring and that he continued to experience the same limitations and discomfort that had plagued him at the time of the earlier wage loss hearing.
By deposition, claimant introduced the testimony of an orthopedic surgeon who opined, inter alia, that, when he examined claimant in April of 1986, his non-organic physical signs were as consistent with emotional burnout as they were with malingering and further that he was not capable of employment at that time.
On December 24, 1987, the dc issued his order denying the claimed benefits. He reprised the finding of his earlier order that claimant had not established the requisite causal connection between wage loss and injury. He repeated the conclusions of Drs. Rosomoff and Miller and noted that claimant’s condition had not changed since the earlier hearing. Other than claimant’s testimony as to his condition, the only evidence mentioned by the dc in his order that was not part of the earlier hearing was that of claimant’s orthopedic surgeon, which testimony was deemed to be insuffi *248 cient to overcome that of Drs. Rosomoff and Miller.
Although noting that the instant wage loss claim was for a different time period, it is clear that the dc treated this application for wage loss benefits as a petition to modify his earlier order denying benefits. He imposed the stricter standard of proof applied to modifications set out in section 440.28, Florida Statutes (1987), and concluded that neither basis for modification, i.e. change of condition or mistake of fact, was present. Nowhere in his order did he mention or otherwise indicate that he had considered the adequacy or bona fides of claimant’s work search. From the dc’s order denying benefits, this appeal was taken.
The sole issue presented for our determination is whether the dc erred in finding that, since claimant was denied wage loss benefits in a previous hearing, he cannot receive those benefits for a different period unless he can show either a change of condition or a mistake of fact.
Claimant argues that wage loss claims are filed and determined on a month-to-month basis and failure to qualify for one period does not necessarily preclude benefits for a subsequent period. Miller v. Richard Cole Roofing, 510 So.2d 1018 (Fla. 1st DCA 1987). Thus, he maintains that it was error for the dc to treat the later claim as a modification of the earlier claim. Citing to Gator Shoe Corp. v. Mungia, 510 So.2d 1192 (Fla. 1st DCA 1987), he also asserts error in the dc’s reliance on the doctrine of estoppel to deny the claim here in issue contending that estoppel does not apply to causal connection issues in successive wage loss claims.
Citing Wellcraft Marine Corp. v. Turner, 435 So.2d 864 (Fla. 1st DCA 1983) in support of their position, the e/c argue that the dc was correct in basing his finding of no causal connection in the instant dispute upon his earlier findings. They find Gator Shoe inapplicable to the facts at hand because it dealt with res judicata rather than estoppel and conclude by contending that even if the dc was incorrect in his statements concerning the applicability of estop-pel, the order appealed from should be upheld because it is supported by other evidence in the record.
We have repeatedly stressed and by now probably no principle in workers’ compensation litigation is more firmly established than that wage loss claims are to be determined on a month-to-month basis; failure to qualify for one period does not preclude an award of benefits for a subsequent period. Wiley Jackson Co. v. Webster, 522 So.2d 987 (Fla. 1st DCA 1988); Miller v. Richard Cole Roofing, supra; Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA 1982), pet. rev. denied, 431 So.2d 989 (Fla.1983). It would stretch consistency to the breakiftg point to establish wage loss as a separate monthly inquiry and then find that res judicata, estoppel or modification applies to the various issues that make up a claim for wage loss. Application of these doctrines would foreclose subsequent claims for wage loss or, at least, tie subsequent claims to earlier adverse findings thus doing violence to the periodic nature of a wage loss inquiry. We have, we believe, in holdings concerning subsequent wage loss claims, avoided such a result.
In Miller v. Richard Cole Roofing, supra, we based our holding that imposition of deemed earnings to reduce wage loss benefits in one period would not foreclose the issue in a subsequent wage loss claim on the monthly nature of wage loss. In Gator Shoe Corp. v. Mungia, supra, the dc found that in a subsequent wage loss claim, relitigation of work search issues was barred by res judicata unless the claimant could show a change of condition or a material mistake in fact under section 440.28. We disagreed and stated that “no such rigidity applies in the determination of work search and other causal connection issues in successive wage loss claims.” 510 So.2d at 1192. Since the instant case involves a “causal connection” issue, it was error for the dc to apply estoppel and modification to deny wage loss benefits.
E/c’s reliance on Wellcraft Marine Corp. is misplaced. There we held that at a subsequent wage loss hearing the burden would be on the ec to show grounds for modification under section 440.28 when the claimant had already proven his permanent impairment in an earlier wage loss claim. *249 We found that “there would be no justification for requiring the parties to relitigate the element of permanent impairment after the same has been determined in a wage loss proceeding.” 435 So.2d at 865. This holding is not at odds with the periodic nature of wage loss because, absent unusual circumstances, a determination that a claimant is permanently impaired is not likely to change from month-to-month unlike a work search which may be adequate one month and inadequate the next. In the case at bar, the claimant’s malingering, if such there was, and his failure to search for a job were not necessarily permanent conditions. Thus, we find Wellcraft inap-posite.
We next address e/c’s fallback position that competent substantial evidence exists in the record below to support the dc’s denial of wage loss benefits. Such a finding could have been made on appeal had the dc considered and ruled on claimant’s job search. Since he did not, however, this position is unavailing. Whether claimant has shown the required causal connection between injury and wage loss is a question of fact to be determined by the totality of the circumstances. Rodriguez v. Sheraton Bal Harbour Hotel, 509 So.2d 369, 370 (Fla. 1st DCA 1987). One can infer a causal relationship between injury and wage loss from evidence of a sufficiently extensive unavailing work search. Oxford Building Service v. Allen, 498 So.2d 523, 524 (Fla. 1st DCA 1986). Thus, it was error for the dc to ignore claimant’s work search which was relevant to the subject inquiry. Accordingly, for the reasons above stated, we reverse the order on appeal and remand the cause to the deputy commissioner with instructions to consider all relevant evidence, including claimant’s work search, in arriving at his decision whether to award wage loss benefits for the period in question, which award is not required by this decision.
BOOTH and JOANOS JJ., concur.