SMITH, Chief Judge.
The employer/carrier appeals the award of wage loss benefits to claimant. Because the record fails to contain competent and substantial evidence that the claimant’s industrial accident was a contributing cause to wage loss, we reverse.
On January 14, 1987, while working as an orange grader, claimant slipped and fell approximately four feet from her work station on a conveyor belt. The accident was accepted as compensable and treatment was authorized for her right knee. Artho-scopic surgery was performed, and by April 30, 1987, claimant reached MMI with 5% permanent impairment of the right leg. The treating physician authorized the claimant to return to work without restriction on May 20, 1987.
Claimant did not return to work until November 1987, working for half the day before leaving because of pain between her shoulders. Two days later, claimant returned to work, but left after two hours, again complaining of shoulder pain.
In April 1988, claimant again returned to work only to leave shortly after arriving because, to use her words, “her nerves went all to pieces.” A few days later, claimant attempted for the last time to return to work, but again could not stay because of shoulder pain. At one point between December 1987 and April 1988, claimant tried to work at a nursery, but had to leave after three hours because of shoulder pain.
The employer/carrier paid wage loss benefits from January 15, 1987 through May 20,1987. Claimant was authorized to see a psychiatrist in February 1988. The psychiatrist did not testify at the hearing below nor does the record contain a deposition or any indication of his findings.
Claimant had also been authorized to see a neurologist, Dr. John Scott. The record contains a letter from Dr. Scott, dated June 25, 1987, indicating that no neurological impairment was detected, but he diagnosed the claimant as suffering from post-traumatic syndrome related to anxiety. Neither this letter nor any other evidence in the record establishes, as required, that claimant’s post-traumatic neurosis was the direct and immediate result of the compen-sable injury suffered four months earlier. Norrell Corp. v. Carle, 509 So.2d 1377, 1378 (Fla. 1st DCA 1987), citing Franklin Manor Apartments v. Jordan, 417 So.2d 1159 (Fla. 1st DCA 1982).
Moreover, by claimant’s own testimony she was unable to work in all but one of her attempts because of shoulder pain. We note that claimant made no complaint of shoulder pain to her treating physician following her accident. The order cites to no evidence in the record establishing that claimant’s shoulder pain was causally connected to her fall. The claimant also fails to cite to any specific evidence and our own examination of the record has uncovered none.
While the claimant may believe her sore shoulders and fragile emotional condition are the result of her fall, there is no evidence to support that conclusion. As we have said on numerous occasions, “testimony of continued subjective pain, standing *475 alone, is insufficient to establish [her] entitlement to wage loss benefits.” Superior Pontiac v. Hearn, 458 So.2d 1197, 1199 (Fla. 1st DCA 1984).
The order below is REVERSED.
SHIVERS and WIGGINTON, JJ., concur.