566 So.2d 307 (1990)
NELSON & CO. and Executive Risk Consultants, Inc., Appellants,
v.
Evelyn HOLTZCLAW, Appellee.
No. 89-3069.
District Court of Appeal of Florida, First District.
August 8, 1990.
John P. Daly of Rissman, Weisberg, Barrett & Hurt, Orlando, for appellants.
Howard G. Butler of Meyers and Mooney, Orlando, for appellee.
*308 JOANOS, Judge.
Nelson and Company and Executive Risk Consultants, Inc. have appealed an order of the judge of compensation claims awarding temporary total disability benefits from May 1, 1988 to June 27, 1989, based on post-traumatic stress disorder following an industrial injury. We reverse.
In January 1987 claimant Holtzclaw suffered a compensable injury to her right knee, from which she reached maximum medical improvement in April 1987 with a 5% permanent impairment. Holtzclaw thereafter made several unsuccessful attempts to return to work, the last time in April 1988, when she left because "her nerves went all to pieces." She had been neurologically evaluated in June 1987 by Dr. Scott, who recommended psychiatric treatment. The appellants thereafter authorized a psychiatrist, Dr. Muller, who commenced treating Holtzclaw in February 1988.
In May 1988, Holtzclaw sought temporary partial disability benefits commencing December 1, 1987, alleging inability to work based on shoulder pain and injury-related anxiety. No testimony or report from Dr. Muller was introduced at the June 1988 hearing. This court reversed the award of benefits, finding no evidence that "claimant's post-traumatic neurosis was the direct and immediate result of the compensable injury suffered [in January 1987]," and concluding that "[w]hile the claimant may believe her ... fragile emotional condition [is] the result of her fall, there is no evidence to support that conclusion." Nelson & Co. v. Holtzclaw, 542 So.2d 473, 474 (Fla. 1st DCA 1989).
Holtzclaw subsequently filed the instant claim for temporary total disability benefits commencing February 9, 1988, again alleging injury-related anxiety. At the outset of the June 1989 hearing, appellants argued that Holtzclaw precluded any award by its finding that there was no causal relationship between the injury and Holtzclaw's psychiatric condition. The judge ruled that, although Holtzclaw precluded an award of benefits for the period covered by that decision, i.e. through April 30, 1988, Holtzclaw could seek to show entitlement to benefits after that date.
At the hearing which followed, Holtzclaw relied on Dr. Muller's opinion, expressed in several depositions taken after the first hearing, that she had been temporarily totally disabled since February 9, 1988 by an injury-related post-traumatic stress disorder. In July 1989, the judge ordered an independent psychiatric evaluation by Dr. Dow, which took place in August 1989. Dow thereafter opined that claimant "appears to have a small permanent psychiatric impairment due to the post-traumatic stress disorder which does appear to have been induced by her industrial accident."
The judge entered her order in November 1989. Citing the opinions of Drs. Muller and Dow, she found that claimant had been temporarily totally disabled from post-traumatic stress disorder since February 9, 1988. She thereupon awarded temporary total disability benefits from May 1, 1988 to June 27, 1989; no benefits were awarded from February 9 to April 30, 1988 "because these matters have been litigated at the prior hearing on June 7, 1988 and the results are res judicata." The judge relied on Dr. Dow's report to hold that claimant had reached maximum medical improvement from the post-traumatic stress disorder on August 11, 1989 with a permanent impairment.
It is well-settled that workers' compensation orders are subject to the same principles of res judicata as are applied to judgments of courts. Wellcraft Marine Corp. v. Turner, 435 So.2d 864, 865 (Fla. 1st DCA 1983). In Wellcraft, the employer/carrier appealed a wage loss award on the ground that a permanent impairment had not been shown, despite the existence of a previous unappealed order awarding wage loss. This court affirmed, noting the employer/carrier's right to contest succeeding wage loss claims, but finding "no justification for requiring the parties to relitigate the element of permanent impairment after the same has been determined in a wage loss proceeding." Wellcraft at 865.
*309 In Florida Mining and Materials v. Moore, 443 So.2d 328 (Fla. 1st DCA 1983), an initial claim for wage loss was denied based on medical testimony that no permanent impairment existed, but a subsequent wage loss claim was granted based on the same doctor's later opinion that there was a permanent impairment. The employer/carrier appealed on res judicata grounds, and this court reversed. The court noted that "[t]he issue of whether the claimant had a permanent physical impairment was not only ripe for determination, but was clearly litigated at the hearing on the claimant's first claim for wage loss benefits. As is apparent from the deputy's first order, the claimant simply failed in his proof of a permanent impairment." Moore at 329 (citations omitted).
In contrast, the wage loss claimant in Gator Shoe Corp. v. Mungia, 510 So.2d 1192 (Fla. 1st DCA 1987), relied on Wellcraft to argue that the employer/carrier was foreclosed by previous wage loss orders from arguing an inadequate work search. This court disagreed, noting that, while a new adjudication as to permanent impairment required that the standards for modification of an order be met, "no such rigidity applies in the determination of work search and other causal connection issues in successive wage loss claims." Gator Shoe at 1192.
Wellcraft was also distinguished in Shelfer v. Dairymen, Inc., 543 So.2d 246 (Fla. 1st DCA 1989), where the judge denied a wage loss claim in that no causal connection had been established between claimant's accident and his wage loss. The claimant's next wage loss claim was also denied, on the ground that he had not met the standards for modification of the first order. The employer/carrier argued for affirmance citing Wellcraft, but this court reversed, stating that "a determination that a claimant is permanently impaired is not likely to change from month-to-month unlike a work search which may be adequate one month and inadequate the next." Shelfer at 249.
The rule which may be gleaned from this line of cases is that, based on the periodic nature of wage loss, elements which might change from period to period (such as the causal connection between the injury and the particular periodic benefit) can be relitigated on successive claims without the required showing for modification. However, when a non-recurring issue such as permanent impairment is "ripe and clearly litigated" at a previous hearing, relitigation in a subsequent proceeding is barred by res judicata absent a showing which would support modification of the previous order. The issue before us, therefore, is whether the causal relationship between Holtzclaw's anxiety and her injury is a "non-recurring issue," so that Holtzclaw bars relitigation absent the required showing for modification.
Holtzclaw filed a wage loss claim in May 1988 claiming that her industrial injury caused an anxiety disorder which prevented her from working. Although the judge granted the claim, this court reversed. Significantly, the opinion was not based on Holtzclaw's failure to show, for the particular period of wage loss at issue, that her anxiety was causally related to her inability to work. Rather, the opinion clearly held that the claimant had failed to show that her "post-traumatic neurosis was the direct and immediate result of the compensable injury, and that "[w]hile the claimant may believe her ... fragile emotional condition [is] the result of her fall, there is no evidence to support that conclusion." Holtzclaw at 474 (emphasis supplied). Hence, the court did not tie its reversal to the particular period involved in the claim, but found that the claimant failed to prove that her injury had caused the anxiety at all.
We are not unaware of the factual difference between the instant case and the foregoing decisions that Holtzclaw's second claim was for temporary total disability benefits, not for wage loss. However, proof of causation is a prerequisite to the award of any workers' compensation benefits. Because the causation issue was "ripe and clearly litigated" at the first hearing, Holtzclaw should not have been allowed to relitigate it. We therefore reverse *310 the order entered herein on the ground that Holtzclaw's psychiatric condition was not causally related to her injury.
We note that Holtzclaw did not seek below to have her claim treated as a petition for modification, and makes only the most cursory argument on appeal that this court should treat it as such. However, even should we do so, we note that, at the time of the first hearing, Holtzclaw had already suffered anxiety attacks affecting her ability to work and had been under the care of Dr. Muller for four months. However, no evidence as to causation was produced at that time, and there is no showing that the condition was any different at the time the instant claim was filed. In fact, Dr. Muller opined that claimant had been temporarily totally disabled from February 9, 1988, four months before the first hearing. We therefore decline to find that modification of the previous order is warranted.
Reversed.
SHIVERS, C.J., and MINER, J., concur.