WOLF, J.
F.A. Richard and Associates and Palm Beach County School Board, employer/carrier (E/C), appeal an order denying the E/C’s Motion to Tax Costs after prevailing in the proceedings before the Judge of Compensation Claims (JCC). The issue before us is whether the JCC erroneously denied the E/C’s Motion to Tax Costs pursuant to section 440.34(3), Florida Statutes (2005), where the E/C failed to plead entitlement to such costs. We determine that pleading entitlement to costs is not a prerequisite to collecting costs pursuant to the statute and, thus, reverse.
On January 12, 2006, claimant filed a petition for benefits seeking (1) compensa-bility for her pulmonary and bronchial injuries stemming from repetitive exposure to mold, mildew, and other occupational irritants and (2) authorization and payment of medical care. The E/C denied compensability, and the dispute proceeded to a hearing. Following the final hearing on January 22, 2007, the JCC entered an order denying compensability of the claim and concomitant benefits. Subsequently, on March 19, 2007, the E/C filed a Motion to Tax Costs pursuant to section 440.34(3), Florida Statutes (2005). A hearing on the Motion to Tax Costs was held on April 17, 2007. At the hearing, the only exhibit entered into evidence was the E/C’s at *1225 tachments to its Motion to Tax Costs, illustrating the actual costs of the litigation. The amount of costs requested totaled $13,266.14. Claimant’s only argument at the hearing rested in the unfairness of the assessment of costs for a good faith claim. Claimant did not raise a waiver argument or otherwise assert that the E/C’s failure to timely serve notice of its intent to seek costs barred the request.
Following the hearing, the JCC entered an order denying the motion based on the E/C’s failure to assert their entitlement to costs on the original pretrial stipulation or any of the subsequent amendments to the pretrial stipulation. Specifically, the JCC held that “[c]laimant is entitled to notice, prior to proceeding to Final Hearing, of the opposing party’s intent to request the payment of costs if the opposing party prevails at Hearing.”
On appeal, the E/C contends they are entitled to costs pursuant to section 440.34(3), Florida Statutes (2006), which provides in pertinent part:
(3) If any party should prevail in any proceedings before a judge of compensation claims or court, there shall be taxed against the nonpre-vailing party the reasonable costs of such proceedings, not to include attorney’s fees....
(Emphasis added). In the instant case, the JCC acknowledged section 440.34(3), but denied the request for costs because:
The Employer/Carrier’s timely assertion of a 440.34(3) claim for costs may play an important role in a Claimant’s decision affecting a case, and may be determinative in a decision on whether to pursue a claim, dismiss it, or settle. The Employer/Carrier’s failure to plead its claim of costs constitutes waiver of that claim.
Section 440.34(3), Florida Statutes, came into effect pursuant to the October 2003 statutory amendments to the Workers’ Compensation Laws. § 440.34(3), Fla. Stat. (2003). Prior to this amendment, only claimants were automatically entitled to costs against the E/C, not to include attorney’s fees; the E/C had no similar entitlement. § 440.34(3), Fla. Stat. (2002). A plain reading of section 440.34(3), Florida Statutes (2005), dictates that the JCC shall tax costs against the non-prevailing party regardless of whether that party is the claimant or the E/C. There appears to be no discretion in this assessment. However, claimant asserts that the JCC did have the discretion to deny the costs based on the E/C’s failure to assert its entitlement to those costs at any point in the proceedings prior to the final order on the issue of compensability.
We find the case of First Protective Insurance Co. v. Featherston, 33 Fla. L. Weekly D272, 2008 WL 183647 (Fla. 2d DCA Jan. 23, 2008), to be instructive on the necessity for the prevailing party to plead entitlement to costs. In First Protective, the Second District, in an en banc opinion, concluded that, while attorney’s fees must be pled prior to the determination of the “prevailing party,” costs do not require pre-judgment pleading. In distinguishing costs and attorney’s fees, the court noted:
In considering the appropriate pleading requirements, there is a material difference between attorney’s fees and costs. Unlike costs, ordinarily attorney’s fees are not recoverable and thus are not at issue. There is no generally applicable statute which entitles a prevailing party to a recovery of attorney’s fees. Accordingly, where there is a statutory or contractual basis for an award of attorney’s fees, proper pleading requires that a party seeking attorney’s fees put the other party or parties on notice that attorney’s fees are at issue in the litigation.
*1226 Under section 57.041, the recovery of costs is generally available to any “party recovering judgment.” This general provision may be displaced by context-specific statutory costs provisions.... Although the standard for the award of costs may-based on specific statutory provisions-vary from the general standard set forth in section 57.041, it is universally true that costs are at issue when a lawsuit is brought. The availability of a recovery of costs is part of the warp and woof of litigation. Every party to litigation enters the litigation on notice that costs are at issue. Given this reality, it is unnecessary to require that litigants assert a claim for costs in the pleadings.
First Protective, 33 Fla. L. Weekly at 273 (emphasis added).
Likewise, just as every party in civil litigation is on notice that costs are at issue, in light of the mandatory language in section 440.34(3), Florida Statutes (2005), all parties to workers’ compensation cases are on notice that costs are at issue. We, therefore, reverse the order denying prevailing party costs.
KAHN and VAN NORTWICK, JJ., concur.