THOMAS, J.
In this workers’ compensation appeal, Claimant argues that the judge of compensation claims (JCC) erred in awarding certain costs to the E/C as a prevailing party after the JCC denied Claimant’s 2008 petition for benefits (PFB). The JCC awarded costs incurred for depositions taken prior to the filing of the 2008 PFB, in *58 which the Claimant sought permanent total disability benefits. Claimant argues the doctrine of res judicata prohibits this award, because the JCC had previously denied the E/C’s request for payment of these costs in connection with a 2007 PFB, pursuant to which the Claimant was awarded medical care. We affirm and write to address this novel question.
In the order under review, the JCC considered each cost item, to determine whether it was “relevant to any issue” raised in the 2008 PFB, and awarded only those costs she found relevant, regardless of the date the deposition was taken. Some of the depositions for which the JCC awarded costs were taken prior to the filing of any PFB and some were taken in reference to a 2007 PFB. (In the order addressing the 2007 PFB, because the E/C was not the prevailing party in that proceeding, the JCC had denied the E/C’s request she award it costs.) The standard utilized by the JCC in awarding costs in connection with the denial of the 2008 PFB was “not whether the information was originally obtained in connection with a different proceeding, but whether it was received in evidence at the more recent proceeding and relevant to any issue.” Thus, the JCC determined that even though the depositions may have been taken prior to the filing of the 2008 PFB,[1] the E/C’s foresight in covering the issues raised in the 2007 PFB, as well as issues that could, based on the facts in this case, foreseeably arise in the future, resulted in those depositions being relevant in more than one proceeding.
An award of costs is reviewed for abuse of discretion. See Nilo v. Fugate, 30 So.3d 623 (Fla. 1st DCA 2010). The relevant statute under which the JCC awarded the costs provides, “If any party should prevail in any proceedings before a [JCC] or court, there shall be taxed against the nonprevailing party the reasonable cost of such proceedings.” § 440.34(3), Fla. Stat. (2003); see F.A. Richard & Assocs. v. Fernandez, 975 So.2d 1224, 1225 (Fla. 1st DCA 2008) (interpreting section 440.34(3) to mandate award of costs to prevailing party whether it be claimant or E/C).
Costs are at issue in every workers’ compensation proceeding. See Fernandez, 975 So.2d at 1226 (holding “all parties to workers’ compensation cases are on notice that costs are at issue”). Workers’ compensation proceedings are, of necessity, often serial in nature. See, e.g., Nelson & Co. v. Holtzclaw, 566 So.2d 307, 309 (Fla. 1st DCA 1990) (acknowledging “periodic nature of wage loss ... can be relitigated on successive claims without the required showing for modification”); Lewis v. Town & Country Auto Body Shop, 473 So.2d 803, 805 (Fla. 1st DCA 1985) (acknowledging “[t]he serial nature of workers’ compensation claims”). Although no workers’ compensation case addresses the particular issue raised here, this court’s reasoning in Holtzclaw lends support to the notion that res judicata is not applicable in this case. In Holtzclaw, this court, in addressing the various issues arising in claims for wage loss benefits, determined that
elements which might change from period to period (such as the causal connection between the injury and the particular periodic benefit) can be relitigated on successive claims without the required showing for modification. However, when a non-recurring issue such as permanent impairment is “ripe and clearly litigated” at a previous hearing, relitiga *59 tion in a subsequent proceeding is barred by res judicata absent a showing which would support modification of the previous order.
Id. at 309. Here, the changing “element” is the success in prosecuting or defending a particular claim, which results in entitlement to costs for the prevailing party. Because entitlement to costs is contingent upon prevailing in the substantive proceeding, it is not “ripe and clearly litigated” until that particular point in time.
Here, E/C’s entitlement to the costs at issue did not arise until the JCC ruled on the 2008 PFB. Accordingly, res judicata does not bar the award of costs for that proceeding. See generally Moore v. Hillsborough County Sch. Bd., 987 So.2d 1288, 1289 (Fla. 1st DCA 2008) (holding witness fees taxable against nonprevailing E/C if testimony was used in any way to support award); see also Boynton Landscape v. Dickinson, 752 So.2d 1236, 1237 (Fla. 1st DCA 2000) (holding mature claims not litigated at merits hearing considered waived by application of res judicata and cannot be raised in subsequent litigation).
Moreover, because it was not necessary to re-depose these deponent-physicians, thereby reducing the time necessary to prepare for the final hearing, the legislature’s stated intent “to ensure the prompt delivery of benefits to the injured worker” has been met. § 440.015 Fla. Stat. (2003). This result also serves to further the public policy suggested by the Florida Supreme Court, as stated in the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions (which the JCC is obliged to consider pursuant to Florida Administrative Rule of Procedure 60Q-6.124(3)(e)): “The trial court should exercise that discretion [to award costs] in a manner that is consistent with the policy of reducing the overall costs of litigation and of keeping such costs as low as justice will permit.”
AFFIRMED.
DAVIS and HAWKES, JJ., Concur.

. The workers’ compensation rules of procedure permit discovery "prior to or after invoking the jurisdiction of the judge.” Fla. Admin. Code R. 60Q-6.114(1).