NATHAN, Judge.
This is the consolidation of two appeals wherein appellant, plaintiff in the trial court, seeks reversal of an order denying attorney’s fees as well as a subsequent order denying relief under Rule 1.540(b), R. C.P.
This cause arose out of a mortgage foreclosure. The appellant, Milgen Development, Inc., owned and was constructing an apartment complex in Hialeah, Florida. The Goodmans, appellees herein, purchased the apartment complex, and gave back to Milgen a purchase money mortgage, conditioned upon the completion of the building. A conflict arose concerning the state of completion, and Milgen filed suit in foreclosure. The Goodmans counterclaimed for breach of contract, and it appears from the record that the parties stipulated that the entire matter, i. e., the mortgage foreclosure and the counterclaim for breach of contract be tried before a jury, although initially there was discussion that the judge would entertain the mortgage fore *493 closure aspect at the same time the jury would hear the breach of contract counterclaim.
The entire case was presented to the jury including introduction of the mortgage and note and all evidence pertaining thereto, as well as the counterclaim of the defendants, Goodman. Instructions to the jury were given in connection with the entire matter, and the jury brought in a verdict for Milgen in the amount of $59,000 on a $350,000 obligation.
The thrust of the counterclaim was the fact that the building was deteriorating, cracking and sinking. The evidence reflects that the building was constructed upon a garbage dump which would explain the foundation problems. No evidence was presented at trial as to attorney’s fees, and it was only after the judgment had been satisfied that Milgen asked the court for attorney’s fees. The judgment of foreclosure did not reserve the right of the court to award attorney’s fees at a later date.
Subsequent to the trial, plaintiff, Mil-gen, discovered a letter written by one of the defendants’ witnesses, a professional engineer, which, it contends, shows perjury by that witness. For this reason, Milgen moved the court for an evidentiary hearing in order to set aside the entire verdict and judgment. Milgen contends that the court erred in not awarding attorney’s fees and in failing to grant relief pursuant to the newly discovered evidence.
Addressing ourselves first to the motion for relief from judgment, pursuant to Rule 1.540(b), R.C.P., the motion was properly denied because the letter would have no material difference in the outcome of the case. The letter is from a witness who was not the engineer on the job; the letter itself does not indicate that the witness contradicted himself; there were other witnesses who testified as to the condition of the soil on which the building was constructed.
The established general rule is that a motion for new trial based upon newly discovered evidence will not be granted unless certain requirements are met. Alston v. Shiver, Fla.1958, 105 So.2d 785, 789. Those requirements were enumerated by this court in Dade National Bank of Miami v. Kay, Fla.App.1961, 131 So.2d 24. Without analyzing the remaining four requirements, inasmuch as it does not appear that the evidence is such as will probably change the result if a new trial is granted, denial of the motion was correct.
As to the attorney’s fees, that motion was properly denied as there was no testimony offered with reference thereto, nor was any request made at the time of trial for attorney’s fees. Appellant Mil-gen’s contention that attorney’s fees are costs is without merit.
Attorney’s fees arise out of contract or statute. Joseph v. Houdaille-Duval-Wright Company, Fla.App.1968, 213 So.2d 3. In the case sub judice, attorney’s fees are included in the note which is, of course, contractual. However, as this court held in Economy Plumbing Company v. Charles Sales Corp., Fla.App. 1967, 204 So.2d 348, it is not error for a court to fail to allow attorney’s fees which are provided by contract, where the party so entitled failed to introduce or tender evidence upon the issue.
Therefore, for the reasons stated and upon the authorities cited, the orders appealed are affirmed.
Affirmed.