McCORD, Judge.
By this appeal the employer/carrier argues that the deputy commissioner erred in modifying the claimant’s previously determined average weekly wage on the basis of a mistake of fact and in implicitly finding that the employer/carrier should provide rehabilitation services to the claimant in the form of a college education.
At the time of the original hearing in this cause held on November 9, 1978, there existed a dispute regarding the claimant’s average weekly wage. Since he had not been employed for thirteen weeks prior to the date of the accident[1] the employer/carrier presented a wage history statement of a “similar employee,”[2] one H.L. Pryor. Accordingly, the deputy adopted Pryor’s average weekly wage of $128 as that of the claimant’s.
Claimant subsequently filed a petition for modification, which resulted in a hearing held on December 2, 1981. At this later hearing, claimant testified that at the previous hearing he did not know who H.L. Pryor was and that he was not aware of what duties Pryor had with the employer. However, as a result of conversations with two former supervisors for the employer, claimant discovered that Pryor was not a similar employee, that he was a work-release prisoner, and that the employer did not afford to Pryor all the advantages of the other employees. Relying upon this information, the deputy found a mistake of fact and modified the claimant’s average weekly wage. We reverse.
Section 440.28, Florida Statutes, which authorizes a petition for modification when there has been a mistake of fact, is not intended to afford the claimant a vehicle to relitigate an identical issue which has been previously determined solely upon an *558 increase in the quantum and probative force of evidence in support of a conclusion contrary to that reached by the prior determination. Hall v. Seaboard Maritime Corp., 104 So.2d 384 (Fla. 1st DCA 1958). In certain specified situations, a petition based upon a mistake of fact may be brought when material evidence which adds something new becomes available after entry of an order, and this evidence could not have been discovered at the time of the original hearing and entry of the earlier order. Hughes v. Denny’s Restaurant, 328 So.2d 830 (Fla.1976). Here, evidence regarding Pryor’s job status could have been discovered at the time of the original hearing. To allow claimant to follow the petition for modification route would only excuse a lack of diligent preparation on his part. Accordingly, the original average weekly wage finding of $128 should be reinstated.
The employer/carrier also urges error in the deputy’s apparent finding that the employer/carrier should provide rehabilitation services to the claimant in the form of a college education:
There is a reasonable probability that with appropriate training or education, claimant whose disability is likely to be permanent may be rehabilitated to the extent that he can increase his earning capacity. It is for the best interest of the claimant to undertake such training or education. Claimant will be rehabilitated by furthering his college education. Because of budget restrictions, the Division (of Workers’ Compensation) will not be required to expend monies for the purpose of assisting this injured employee to obtain appropriate training, education and employment in connection with vocational rehabilitation. Claimant is, however, a proper candidate for temporary total disability compensation during such period as the claimant may be receiving training for education in college. The parties are urged to work this matter out. If they don’t, I will. In the meantime, jurisdiction is retained as to the claim for temporary total disability not to exceed 40 weeks for the claimant while receiving training or education under a rehabilitation program.
This finding regarding the claimant’s rehabilitation prospects vests no rights or corresponding liabilities in either party. Since this aspect of the order is non-final, in that it fails to dispose of all matters ripe for determination between the parties, we conclude that we are without jurisdiction to review this portion of the order. See Special Disability Trust Fund, Dept. of Labor & Employment Security v. Motor and Compressor Co., 417 So.2d 1151 (Fla. 1st DCA 1982). Accordingly, this aspect of the appeal is dismissed without prejudice to review any final order that may be entered on this subject.
REVERSED in part, DISMISSED in part, and REMANDED for further proceedings consistent with this opinion.
BOOTH and WENTWORTH, JJ., concur.

. § 440.14(1), Fla.Stat.

. § 440.14(2), Fla.Stat.