MILLS, Judge.
In this workers’ compensation action, claimant Ouellette appeals from the deputy commissioner's order granting the employer/ carrier’s petition for modification. We reverse.
Following an industrial accident on 9 August 1978, the employer/carrier voluntarily accepted Ouellette as permanently and totally disabled because of resulting psychological^ problems. In the course of treatment, Ouellette complained to her psychiatrist about difficulty urinating. On 10 October 1979, Ouellette’s psychiatrist referred her to Dr. Crowell, a urologist.
The employer/carrier contested Ouel-lette’s claim for the costs of Dr. Crowell’s continuing services. A hearing was held and based on Dr; Crowell’s deposition, taken in May 1980, the deputy commissioner found Ouellette’s urinary problem related to the accident. The employer/carrier was ordered to pay for treatment of the problem.
In October 1982, however, the employer/carrier received a medical report from Dr. Crowell describing Ouellette’s problem as a “neurogenic bladder.” This description prompted the employer/carrier to file a petition for modification.
Dr. Crowell’s deposition was again taken, this time on 13 April 1988. Based on this deposition, the deputy commissioner modified the original order pursuant to Section 440.28, Florida Statutes (1981), for mistake of fact. Among other things, the deputy commissioner found:
The precise issue here sought to be litigated was previously decided by Order dated June 11, 1980, and the employer/carrier was ordered to furnish further treatment by Dr. Crowell. Dr. Crowell, after further treatment of the claimant, has now decided that the claimant’s neu-rogenic bladder is probably not psychogenic in nature and is probably not causally related to the injury of August 9, 1978. Therefore, the prior Order was based upon a mistake of fact and should be modified pursuant to Section 440.28, F.S.; the employer/carrier should not be required to furnish further treatment for the claimant’s neurogenic bladder.
Ouellette filed a motion for rehearing seeking to convince the deputy commissioner that Dr. Crowell did not say the urinary problem was not caused by the industrial accident or that Ouellette’s problem was entirely neurogenic. At the hearing on this motion, Dr. Crowell testified live.
Following the hearing, the deputy commissioner issued another order upholding his decision not requiring the employer/carrier to pay for further treatment of the urinary problem. This appeal ensued.
Modification for mistake of fact pursuant to Section 440.28 is not proper if the evidence relied upon merely increases the quantum and probative force of evidence supporting a conclusion contrary to that reached by the prior determination. Hall v. Seaboard Maritime Corp., 104 So.2d 384 (Fla. 1st DCA 1958). Modification for mistake of fact based on a change in the treating physician’s opinion as to causation is justified “where the state of the medical art advances to the point that new evidence becomes available which was not and could not have been previously known.” Hughes v. Denny’s Restaurant, 328 So.2d 830 (Fla.1976).
In his 1980 deposition, Dr. Crowell could not say whether the problem was psychogenic or neurogenic. Yet the deputy commissioner obviously thought his testimony *587 provided sufficient evidence of causal relation at that time.
The gist of his testimony in 1983 (both live and by deposition) is that he thinks the problem is at least partly neuro-genic. The testimony does not show Dr. Crowell was mistaken in his earlier diagnosis, only that he now believes there is some neurogenic problem, whereas in 1980 he could not say one way or the other.
In this case, the change in the treating physician’s opinion resulted from the fact that Ouellette’s urinary problem had continued for several years. This alone does not satisfy the Hughes standard. Modification for mistake of fact was improper.
REVERSED.
WENTWORTH, J., and McCORD, Guyte P., Jr., (Ret.), Associate Judge, concur.