505 So.2d 672 (1987)
OAKDELL, INC. and Crawford and Company, Appellants,
v.
Jose GALLARDO, Appellee.
Nos. BK-284, BP-46.
District Court of Appeal of Florida, First District.
April 21, 1987.
*673 Henry Fierro, Jay M. Levy of Hershoff & Levy, Miami, for appellants.
No appearance for appellee.
Renee R. Pelzman of Levine, Busch, Schnepper & Stein, P.A., Miami, as amicus curiae.
ERVIN, Judge.
In this consolidated workers' compensation appeal the employer/carrier (e/c) appeals an order awarding permanent total disability (PTD) benefits, and an order denying a motion to set aside the PTD award. We reverse and remand as to both orders.
Claimant worked as a laborer at Oakdell Nursery where he was injured on August 5, 1983. The e/c paid temporary total disability (TTD) from the date of the accident to the date of maximum medical improvement (MMI), September 4, 1984. The employee subsequently filed a workers' compensation claim following MMI. In case number BK-284, the deputy, by order dated October 11, 1985, which was republished and reaffirmed on December 13, 1985, found the claimant was PTD, accepting the testimony of one physician who found the claimant 20 percent disabled, and that of claimant, and rejecting the testimony of other physicians who opined that claimant suffered no or only very minor permanent impairment. The dc based his order in part on his observations of the claimant at the hearings, observing that the claimant "is unable to sit comfortably more than ten minutes after which time he begins to squirm and move around...." The claimant testified that no one had offered him employment since his industrial accident. He also testified to an extensive unsuccessful work search.
While the appeal from the above order was pending, this court issued an order temporarily relinquishing jurisdiction for the purpose of allowing the dc to consider a petition for modification of the order on the *674 ground that the claimant had given false testimony at the claim hearing. Submitted as evidence at the later hearing to modify the order of PTD were depositions from both the owner and the general manager of Kerry's Bromeliad Nursery, a subsequent employer of claimant, who testified that the claimant had worked as a full-time laborer with the nursery from February 10, 1984 until May 9, 1986, when he quit for personal reasons.
On August 21, 1986, the dc issued an order denying the e/c's petition for modification. The dc made this decision, despite his finding that the claimant had obtained the PTD award by "his own flagrant fraud and misrepresentation" regarding his inability to obtain work, which was contradicted by the later discovered evidence disclosing that the claimant had been gainfully employed on a full-time basis at Kerry's Nursery and had performed all physical acts necessary for said employment, "including but not limited to, bending, standing, stooping, lifting and driving or operating machinery or equipment between February 10, 1984, until the claimant voluntarily quit said employment on May 9, 1986." In denying the petition, the deputy found that the e/c could have, had it acted with diligence, discovered the fraud perpetrated upon it by claimant, long before the entry of the original compensation order of October 11, 1985. He also observed that the e/c was not without a remedy under chapter 440, in that the e/c could proceed pursuant to section 440.37.[1] Appellant filed an appeal of the order denying the petition for modification (Case No. BP-46). This court subsequently consolidated both cases into one appeal.
Case No. BK-284: We reverse the order awarding PTD benefits, finding that there is no competent, substantial evidence to support the award of PTD. PTD compensation cannot be awarded if a claimant is "engaged in or is physically capable of engaging in gainful employment... ." Section 440.15(1)(b), Florida Statutes. (emphasis supplied) Here, where claimant was engaged in gainful employment following his industrial accident, he clearly was not eligible for PTD benefits. We make this conclusion based on the evidence that was introduced during the hearing on the petition for modification. We are aware that if the record in Case No. BK-284 were examined in isolation from that in Case No. BP-46, there would be no evidence of fraud, and that Case No. BK-284 would, under such circumstances, necessarily be affirmed. We find, however, that the records in the two cases are inextricably entwined, and therefore refuse to allow this court to be made a party to fraud. See 5 Am.Jur 2d, Appeal and Error § 736 (1962), commenting "that there are situations where appellate courts will receive evidence outside the record to prevent gross injustice." (e.s.) See also Schevenell v. Blackwood, 35 F.2d 421, 423 (8th Cir 1929); Ridge v. Manker, 132 F. 599, 601 (8th Cir.1904); Caldwell v. Modern Woodmen of America, 90 Kan. 175, 133 P. 843 (Kan. 1913).
Case No. BP-46: We find that the dc erred in refusing to set aside the compensation order after the e/c had filed a motion to set aside the order pursuant to Section 440.28, Florida Statutes. The dc in his order denying the petition to modify states that while the claimant procured his prior order by "fraud and misrepresentation", the order should not be set aside because "the evidence of fraud could have been discovered at the times of the original hearings through investigative and discovery procedures." The dc continued, "that to allow the employer/carrier to obtain modification would only excuse a lack of diligent preparation on their part." In so ruling, the dc imposed a due diligence standard on the e/c  a standard which in our opinion is not required by section 440.28, when a motion to modify a prior compensation *675 order is grounded on fraud, and when it is filed within the applicable two-year limitation period. Cf. Battle v. General Sand and Stone, 478 So.2d 396 (Fla. 1st DCA 1985), where this court reversed an order to modify the amount of average weekly wage (AWW), finding that the AWW in the order was based on a stipulated rate, and the e/c had waived the right to complain about the compensation rate, "absent fraud, overreaching, misrepresentation, withholding facts by an adverse party... ." (emphasis supplied)
As a party may file a petition to modify that portion of an order, agreed upon by stipulation, when fraud has occurred, we see no reason why a party should not be permitted to seek modification of an order, based on the findings of a dc, when procured by fraud. "[A] party is not required to anticipate false testimony from the opposing party, and is, therefore, not required to discover evidence which would refute false testimony." Louisville and Nashville Railroad Co. v. Hickman, 445 So.2d 1023, 1027 (Fla. 1st DCA 1983), pet. for review dismissed, 447 So.2d 887 (Fla. 1984). See also Ogburn v. Murray, 86 So.2d 796, 798 (Fla. 1956); Kline v. Belco, Ltd., 480 So.2d 126 (Fla. 3rd DCA 1985), review denied, 491 So.2d 278 (Fla. 1986).
Section 440.28 provides the dc with the power to modify an order based on change in condition, or because of a mistake in the determination of facts within two years after the date of the last payment of compensation pursuant to order. While modification under section 440.28 does not affect compensation previously paid, we find that it provides a means of modifying or rescinding an order that is, as in the instant case, stayed pending appeal. Section 440.28 by its terms does not limit one seeking to modify a compensation order to a shorter period than two years from the entry of the order, or within two years after the last payment of compensation, because of such person's lack of due diligence. Contrast Florida Rule of Civil Procedure 1.540(b), requiring that an action for relief from a judgment based on intrinsic fraud[2] be made within one year from the date of the judgment entered. Streater v. Stamper, 466 So.2d 397 (Fla. 1st DCA 1985); DeClaire v. Yohanan, 453 So.2d 375 (Fla. 1984).
In summary, we reverse the award of PTD in Case No. BK-284, reverse the denial of the motion to modify or set aside the order in Case No. BP-46, and remand both causes to the deputy commissioner for further proceedings consistent with this opinion.
SHIVERS and ZEHMER, JJ., concur.
NOTES
[1] Section 440.37(2)(c) provides an action for damages against a person who has been criminally adjudicated guilty for willfully making a false statement in order to obtain workers' compensation benefits. At the time of the hearing below, no evidence was presented either that claimant had been criminally adjudicated guilty of the offense proscribed by section 440.37, or that any criminal charge was then pending.
[2] The fraudulent conduct of claimant at bar was intrinsic, in that it applied to fraudulent conduct that arose within a proceeding that was tried or could have been tried. See DeClaire v. Yohanan, 453 So.2d 374, 377 (Fla. 1984).