MICKLE, Judge.
This appeal is from an order of the judge of compensation claims denying the employer’s motion to stay entry of a final order and reopen the hearing for newly discovered evidence. We reverse and remand for a hearing.
On December 29,1989, Rachel Barry was struck by a car in the course and scope of her employment as a bus driver for Metropolitan Dade County. She filed a claim for workers’ compensation benefits on the ground she suffered injuries to her head and neck as a result of the accident. Barry experienced epileptic-type seizures after the accident.
A hearing on the claim was conducted in September 1991. At the outset of the hearing, counsel for Dade announced he was stipulating that Barry’s seizure condition was compensable. Even though Dade’s counsel believed the seizures were a preexisting condition, he explained to the judge of compensation claims (JCC) that he had been unable to develop documentary evidence to support the belief.
The deposition of Dr. Ballweg was admitted into evidence before testimony was heard on other matters, such as the amount of benefits to be paid. Dr. Ballweg testified in her deposition that she examined Barry after the accident and performed two EEGs. The doctor diagnosed a convulsive seizure disorder, which she treated with medication. The doctor was asked whether there was a causal relationship between the seizures and the December 1989 accident. Dr. Ballweg responded, “I have to believe that the two are related, and that is relative to a lack of the previous history of seizures and the occurrence of the injury as stated.” The doctor said Barry “denied ever having had previous seizures during adult or childhood.” Dr. Ball-weg explained “we know that there’s a relationship between somebody who has an impact seizure and the ability to sustain further seizures, and indeed that’s what we see in this patient, by her history.... [W]e can only go by what the history was, and the history was that she had two seizures at the time of the impact.” The doctor testified generally that it would be helpful to have more background records of Barry’s medical history, which could in *668 dicate the seizures occurred before the accident.
Based on the stipulations of the parties, the JCC ordered Dade to pay temporary partial disability benefits and medical bills.
Dade filed a motion to stay entry of the order and reopen the hearing for newly discovered evidence. Dade alleged that although Barry testified that she never had a seizure prior to the December 1989 accident, “[t]he employer/self-insured has just recently discovered that in 1984 the Claimant was involved in an automobile accident wherein she sustained a serious head injury and that at the time of this [1984] accident she gave a history of being an epileptic.”
The JCC entered .an order denying the motion to stay entry of the final order on the ground the final order was already entered nine days prior to the motion to stay. The JCC further explained that after reviewing Dr. Ballweg’s testimony, “I ... find that the purported newly discovered evidence would probably not change the outcome and the award of benefits. Dr. Ballweg’s testimony was that the claimant' suffered from an ‘impact seizure’ related to the claimant being struck by an automobile.”
We reverse the JCC’s denial of Dade’s motion to reopen the case. As a preliminary matter, we find that the motion is, in essence, a petition for modification. See section 440.28, Florida Statutes (1989); see also, Pitts v. Nimnicht Chevrolet, 569 So.2d 921 (Fla. 1st DCA 1990) (modification petition should not be denied because it is mislabeled or does not take a given form).
In reversing we rely on Oakdell, Inc. v. Gallardo, 505 So.2d 672 (Fla. 1st DCA 1987), in which this court held that modification on grounds of claimant’s fraud is not precluded even though the portion of the order to be modified was agreed upon by stipulation, and even though the employer may have failed to exercise due diligence to discover the fraud through investigative and discovery procedures.
Modification can be based on a mistake of fact on the part of the JCC or newly discovered evidence. City of Hialeah v. Cascardo, 443 So.2d 448 (Fla. 1st DCA 1984); Hohenstein v. Jim Wilson Const. Co., 451 So.2d 964 (Fla. 1st DCA 1984). Dade persuasively argues that it would not have entered into the stipulation of compensability if it had known of Barry’s history of epilepsy. It also appears that Dr. Ballweg conditioned her opinion regarding causation on Barry’s representations and the lack of medical history to contradict the representations.
The JCC found that the newly discovered evidence would not change the outcome. He relied on Milgen Development, Inc. v. Goodman, 302 So.2d 491 (Fla. 3d DCA 1974), in which the third district held that a motion for relief from judgment pursuant to Rule of Civil Procedure 1.540(b) was properly denied because the newly discovered evidence was similar to other testimony and would have no material difference in the outcome of the case. Milgen Development is not a workers’ compensation case, and it has little or no application to a petition for modification pursuant to section 440.28. In any event, the JCC’s finding has no basis in the record. The final order is expressly based on Dade’s com-pensability stipulation, which was itself based on the fraudulent misrepresentations allegedly made by Barry.
Accordingly, we reverse the order denying Dade’s motion to reopen, which should be treated as a petition for modification, and we remand for a hearing.
REVERSED and REMANDED.
WIGGINTON and KAHN, JJ., concur.