PER CURIAM.
Claimant, Charles Stevens, appeals the order of the judge of compensation claims (JCC) modifying his prior order of October 15, 1991, and denying claimant’s claim for continuing medical and indemnity benefits. We reverse in part and affirm in part.
Claimant, Charles D. Stevens, was employed by appellee Pursell’s Wrecker & Road Service, an uninsured employer. The original hearing on this claim was held September 19, 1991, with a final order issuing October 15, 1991. The primary issue to be resolved by the JCC was whether the claimant suffered an accident in the course of his employment or whether claimant deviated from his employment by engaging in “horseplay.” There was some testimony that while claimant and other employees were rolling tires into the shop at the end of the day, claimant engaged in horseplay by attempting to jump over one of the tires. On the other hand, claimant testified that one of the tires began rolling toward a customer’s Corvette and he tried to kick the tire so that it would not hit the Corvette. In so doing, claimant fell and injured his wrist. In resolving this conflict, the JCC accepted claimant’s testimony and found that claimant sustained a compensable injury to his left wrist. There was apparently no dispute that claimant did, in fact, injure his wrist, for the JCC’s order recites the findings of Dr. Kessler which include swelling of claimant’s left wrist, stiffness of the fingers and black and blue marks. The JCC found claimant entitled to TTD benefits from June 26, 1990, through date of the hearing, statutory penalties, continued treatment by Dr. Kessler and further evaluation by a hand specialist.
On March 4, 1992, claimant filed the instant claim for benefits. Claimant sought TTD, TPD or wage loss benefits from September 19, 1991, and continuing, and further medical treatment (surgery). The employer defended on the grounds that (1) all benefits due under the prior order have been paid; (2) claimed disability not causally related to the accident; (3) wage loss not due to physical impairment related to the accident; (4) inadequate job search; (5) voluntary limitation of income; (6) claimed medical treatment not reasonably necessary nor causally related to the accident.
A hearing on the claim was held on October 15, 1992. Among the witnesses was one James Roop. Roop testified that he met claimant on one occasion about one year pri- or to the hearing. Claimant came to Roop’s house with a friend who was interested in purchasing Roop’s four-wheel all terrain motorbike. Roop estimated that the bike weighed three hundred pounds. Roop said claimant was not wearing a wrist brace. Roop said claimant grabbed a hold of the rollbar or rollcage and lifted or shook the vehicle in some manner. Claimant did not appear to be in any distress. Roop’s encounter with claimant lasted only about thirty or forty minutes.
Also testifying was Roxie Torres, who had known claimant for about ten years. Torres was also employed by appellee Pursell for an undetermined period of time. Torres got to know claimant personally over the last three years because claimant and his wife lived down the street from her. Torres lived with claimant’s wife during the preceding summer. Claimant lived with them for about a week. Torres made claimant move out be *15 cause claimant ran up a phone bill of approximately one hundred and sixty dollars. Torres said she saw claimant frequently over the past year and the only time he wore a wrist brace was the day he brought it back from Miami and the day of the hearing. Torres saw claimant working on cars and never heard him complain about his hand or arm. When claimant discussed a possible job with her ex-husband, claimant insisted on getting paid in cash because of his pending claim against appellee. Torres stated that on one occasion claimant sold his prescription medication to her for ten dollars. On cross-examination, Torres admitted that she bought the drugs from claimant and turned them over to the Purcells in the hope of helping the Purcells in the workers’ compensation case.
The JCC requested a conference with counsel the day following the hearing. The JCC indicated that he may have made a mistake in finding claimant credible in the prior order and accepting claimant’s testimony that he was not injured during horseplay. The judge plainly suggested that he may be willing to amend his prior order and suggested that he might be. able to do so under University of Florida v. Massie, 602 So.2d 616 (Fla.1992). The JCC admitted that none of the testimony presented the preceding day had anything to do with the initial accident at all. Nonetheless, the JCC thought it may be appropriate to modify the prior order to avoid an injustice.
On November 25, 1992, appellee filed a petition for modification. The motion asserted, inter alia, that: (1) the JCC made a mistake of fact in determining the credibility of the claimant at the time of the first hearing; (2) as a result of the most recent hearing it is obvious that claimant was not a credible witness with respect to how the accident occurred, his subsequent medical condition, his ability to work or his job search efforts; (3) the order of October 15, 1991, was procured through fraud and misrepresentation because claimant was not credible and presented false testimony; (4) an order obtained through fraud and misrepresentation is grounds for modification, citing Section 440.28, Florida Statutes and Oakdell v. Gallardo, 505 So.2d 672 (Fla. 1st DCA 1987); (5) a court may correct its own erroneous prior decisions in order to prevent “manifest injustice,” citing University of Florida v. Massie.
A telephone conference was held on December 1, 1992, on the motion of the JCC. Appellee argued that the JCC had authority to amend the order of October 15, 1991, that such modification was warranted by new evidence obtained after the initial merits hearing, and that the initial order was procured by fraud. In response, claimant’s attorney argued that no evidence was presented at the second hearing to controvert the prior evidence as to how the accident occurred. The JCC agreed. Claimant argued that “bad act” evidence should not be used to collaterally attack the JCC’s prior findings. Counsel also argued that nothing presented at the recent hearing pertained to claimant’s capacity to use his hand prior to May or June of 1992. Appellee replied that the JCC was entitled to find that if claimant was not telling the truth about his condition now, then perhaps he wasn’t telling the truth at the earlier hearing.
On January 11, 1993, the JCC entered the order presently on appeal. The JCC concluded that as a result of the evidence presented at the second hearing claimant is totally without credibility. The JCC found that he made a mistake in finding the accident compensable. The JCC termed the mistake a manifest injustice and grounds for modification. The JCC, on his own motion, modified the prior order, sustaining appel-lee’s horseplay defense and finding that a compensable accident did not occur. The JCC also denied the claim for indemnity benefits from September 19, 1991, in its entirety.
On appeal, claimant raises three issues: (1) whether the JCC deprived claimant of due process by modifying the order of October 15, 1991, without adequate notice; (2) whether there exists competent, substantial evidence to support the JCC’s finding that the prior order was based upon a mistake of fact; (3) whether there exists competent, substantial evidence to support the JCC’s denial of the continuing claim for med *16 ical and indemnity benefits, penalties, interest, costs and attorney’s fees. As to the first issue, we paraphrase the claimant’s argument as follows:
A JCC may not rule on issues which are beyond the scope of the hearing. Adequate notice must be given to apprise the parties of the issues to be heard. A ruling on issues which are beyond the scope of the hearing constitutes a denial of due process.
The JCC modified his prior order of October 15,1991, on the ground that he made a mistake in a determination of fact with respect to whether claimant was engaged in horseplay at the time of the hearing. This factual determination was not even at issue at the time of the second hearing on October 15, 1992. The JCC clearly exceeded the scope of the issues presented at the second hearing.
Even if a modification were permissible under Section 440.28, Florida Statutes, such modification must conform with the procedures stated in Section 440.25(3)(c), Florida Statutes, which provides that the parties shall be given 15 days notice before hearing a motion for modification of a compensation order. In the present ease, no petition for modification was filed prior to the hearing of October 15, 1992. Appel-lee’s motion for modification was filed November 25, 1992. However, no hearing was ever held on that motion. The conference called by the JCC on December 1, 1992, cannot be considered a hearing on the motion for modification because claimant was not provided with the minimum period of 15 days within which to prepare for the hearing. The JCC violated claimant’s due process rights by modifying the prior order of October 15, 1991.
We concur with the claimant. The JCC, therefore, erred in modifying the prior order of October 15, 1991. In light of this disposition, we find it unnecessary to address the second issue raised.
We disagree, however, with claimant’s further contention that reversal on the first issue necessitates reversal or remand on the third issue because the only basis for the denial of subsequent benefits was the modification of the prior order. To the contrary, evidence was presented relevant to the claim for benefits commencing September 19,1991, and the JCC’s determination on this claim is not dependent upon the modification of the prior order. The order states:
Alternatively, the employee’s claim for indemnity benefits from September 19,1991, is hereby denied....
The JCC’s denial of this claim is supported by competent, substantial evidence.
REVERSED in part, AFFIRMED in part and remanded for entry of an order consistent with this opinion.
BARFIELD, MINER and WOLF, JJ., concur.