EN BANC

BARFIELD, Judge.
Eastern Airlines and GAB (E/C) appeal a compensation order awarding benefits. The E/C assert that the judge of compensation claims (JCC) erred in awarding twelve hours per day of attendant care services because the parties had stipulated that the claimant was entitled to six hours of attendant care *1195 per day. We disagree and affirm the order on appeal.[1]
The claimant began working for Eastern Airlines in 1969. In 1980, he was promoted to the position of painter and mechanic. Since his promotion, the claimant has worked regularly with paints, solvents, and other chemicals and toxic substances. The parties agreed that the claimant suffered damage to his nervous system as a result of chemical exposure and that he is permanently, totally disabled.
In the claim for benefits, the claimant sought attendant care for twelve hours per day pursuant to the recommendation of Dr. Wagshul. The claimant also listed past and future attendant care for twelve hours per day as a benefit sought in the initial pretrial stipulation. In an amended pretrial stipulation, the claimant sought attendant care from December 18, 1989 forward at the rate of six hours per day.
At the beginning of the hearing, the claimant’s counsel stated that he wished to amend or clarify the claim for attendant care services in light of depositions taken subsequent to the pretrial stipulations and that the claimant sought an award of twelve hours per day from December 2, 1989 through the present. The claimant’s counsel explained that the claim was lowered to six hours based on the wife’s explanation to him of what she was doing for the claimant; there were certain houi’s the wife was not providing care and he did not understand at the time that another family member was stepping in to care for the claimant when the wife was not providing care. Although counsel for GAB objected to the claimant amending the claim for attendant care services contrary to the pretrial stipulation, the JCC awarded the claimant twelve hours per day of attendant care.
The E/C argue that the JCC erred in ignoring the stipulation because the case presents none of the exceptions to the general principle in favor of upholding stipulations. The E/C acknowledge that the JCC is not bound by a stipulation if evidence presented at the hearing is in variance with the facts recited in the stipulation, but contend that the facts in the instant case do not negate the binding effect of the stipulation. The E/C also assert that by ignoring the stipulation, the JCC defeated the salutary purpose and policy underlying and encouraging the usual binding effect of stipulations.
We conclude that the JCC did not abuse his discretion by permitting the claimant to amend the number of attendant hours claimed. Rule 4.130, Rules of Workers’ Compensation Procedure, provides:
No agreement or stipulation shall be valid unless: (1) in writing and signed by the parties or their attorneys, or (2) dictated on the record. Any agreement or stipulation under this rule may be expressly relied on by the judge of compensation claims in any proceeding, unless a party seeks to be relieved of the agreement or stipulation for good cause shown. The judge of compensation claims may abrogate any stipulation which appears to be manifestly contrary to the evidence on due notice to the parties; however, the judge of compensation claims need not inquire beyond the stipulation or agreement.
(Emphasis added).
Counsel for the claimant explained the mistake that led to the reduction in the number of hours claimed in the amended pretrial stipulation. The testimony of Dr. Wagshul and the claimant’s wife clearly indicated that the claimant is in need of attendant care twelve hours per day. Although counsel for the E/C argued that she did not cross-examine the doctor regarding the number of hours of attendant care necessary each day during his deposition and that she did not attempt to find a witness to testify that some lesser amount was necessary because she thought the matter had been settled, the E/C did not seek a continuance of the proceedings in order to do so.
The E/C cite Fawaz v. Florida Polymers and Fiesco, 622 So.2d 492 (Fla. 1st DCA 1993), in support of their argument. In Fa-waz this court said that a stipulation could be set aside only if it was “obtained by fraud, misrepresentation, or mistake of fact.” Id at *1196 495. As to the mistake of fact this court said:
[t]he general rule is that a party will be relieved from a stipulation entered into under a mistake as to a material fact, if there has been reasonable diligence exercised to ascertain such fact. On the other hand, if a party enters into an agreement, not as a result of a mistake of fact, but merely due to a lack of full knowledge of the facts, caused by the party’s failure to exercise due diligence to ascertain them, there is no proper ground for relief.
Id at 496. The due diligence requirement imposed by this court is inconsistent with Rule 4.130 and the law generally applicable to relief from a stipulation as set forth by Judge Webster in his dissent in Fawaz. Cf. Oakdell, Inc. v. Gallardo, 505 So.2d 672 (Fla. 1st DCA 1987) (“Section 440.28 by its terms does not limit one seeking to modify a compensation order to a shorter period than two years from the entry of the order, or within two years after the last payment of compensation, because of such person’s lack of due diligence.” The deputy commissioner imposed a due diligence standard on the employer/carrier which is not required by section 440.28.); Metropolitan Dade County v. Barry, 614 So.2d 666 (Fla. 1st DCA 1993) (Relying on Gallardo, modification pursuant to section 440.28, Florida Statutes, is not precluded even though the portion of the order to be modified was agreed upon by stipulation, and even though the employer may have failed to exercise due diligence to discover the fraud through investigative and discovery procedures.). We, therefore, recede from our decision in Fawaz to the extent it limits the discretion of the judge of compensation claims in granting relief from stipulations beyond that contemplated by Rule 4.130.
In this case the E/C was clearly on notice that the claimant intended to prove the need for twelve hours of attendant care; yet, the E/C didn’t ask for additional time to develop facts to support the stipulation much less suggest that such facts existed. The stipulation was manifestly contrary to all the evidence presented to the JCC.
AFFIRMED.
BOOTH, JOANOS, MINER, ALLEN, WOLF, KAHN, WEBSTER, LAWRENCE, DAVIS and VAN NORTWICK, JJ., concur.
ZEHMER, C.J., specially concurs with opinion in which BENTON, J., concurs.
ERVIN, J., concurs and dissents with opinion in which MICKLE, J., concurs.
ZEHMER, C.J., and BENTON, J., concur in part.

. The remaining arguments raised on appeal are without merit.