ERVIN, Judge,
concurring and dissenting.
I concur with that portion of the court’s opinion which affirms the compensation order awarding attendant care benefits in an amount greater than that agreed upon by the parties. I dissent from that part of the opinion receding from certain statements in Fawaz v. Florida Polymers, 622 So.2d 492, 496 (Fla. 1st DCA 1993), which impose a due diligence requirement on a party seeking relief from a stipulation on the ground of mistake of fact.
In approving the order on review, the majority relies upon Florida Rule of Workers’ Compensation Procedure 4.130, authorizing a judge of compensation claims (JCC) to set aside any stipulation which appears to be manifestly contrary to the evidence. This rule pertains to agreements which are not later confirmed by order, such as the stipulation executed in the case at bar. The rule does not, however, apply to cases such as Fawaz, in which the JCC enters orders approving the parties’ stipulations. Although the majority’s opinion in Fawaz did not discuss section 440.28, Florida Statutes, I consider that the statutory grounds for obtaining modification of compensation orders under section 440.28, by a showing of change in condition or mistake in a determination of fact,[3] applied to the two orders in Fawaz, *1198 despite the absence of any formal motion for modification, and I find nothing in the provisions of rule 4.130 evidencing any intent to supersede the time-honored requirements of section 440.28. Moreover, I am of the view that the rule in Fawaz, recognizing a due diligence requirement for parties seeking relief from a stipulation on the ground of mistake of fact, would apply whether or not an order had been entered approving the stipulation. The quote from Fawaz, which the majority finds so objectionable, ante at 1195, tracks a general statement of the law found in 73 Am.Jur.2d Stipulations § 14, at 551 (1974). Practically identical language is supplied in 83 C.J.S. Stipulations § 35(b)(2), at 91 (1953).
The due diligence standard the majority approved in Fawaz is altogether consistent with the interpretation placed by Florida courts on the mistake of fact requirement of section 440.28. For example, in Power v. Joseph G. Moretti, Inc., 120 So.2d 443, 446 (Fla.1960), the Florida Supreme Court made the following pertinent observation:
It is well established that in order to justify the modification of a compensation order on the basis of a mistake, the subsequent showing must consist of something more than additional evidence of facts already known, an accumulation of testimony on facts previously established, a mere change of mind by a witness, or a reanalysis of the prior record by the deputy and a change of his conclusions as a result of a retrospective exploration of the original record.
(Emphasis added.) Florida’s courts have rigidly applied the above rule in keeping with the judicial system’s quest for finality of decisions, with the result that modification on such ground is allowed only in the very rare case. See, e.g., Dixon v. Bruce Constr. Corp., 160 So.2d 116 (Fla.1963); Sauder v. Coast Cities Coaches, Inc., 156 So.2d 162 (Fla.
1963); Beaty v. M & S Maintenance Co., 124 So.2d 868 (Fla.1960); McDonough v. Versailles Hotel, 57 So.2d 16 (Fla.1952); Westwinds Transp., Inc. v. Murphy, 494 So.2d 519 (Fla. 1st DCA 1986); Hohenstein v. Jim Wilson Constr. Co., 451 So.2d 964 (Fla. 1st DCA 1984); Ouellette v. Treasure Isle, Inc., 444 So.2d 585 (Fla. 1st DCA 1984); Everwear Prods. Co. v. Holloway, 422 So.2d 1020 (Fla. 1st DCA 1982); Housing by Vogue v. Caswell, 421 So.2d 556 (Fla. 1st DCA 1982); Southern Bell Tel. & Tel. Co. v. Blackstock, 419 So.2d 360 (Fla. 1st DCA 1982); Cleveland v. Everson, 415 So.2d 763 (Fla. 1st DCA 1982); University Inns v. Davis, 413 So.2d 128 (Fla. 1st DCA 1982); Universal Erectors, Inc. v. Murphy, 410 So.2d 209 (Fla. 1st DCA 1982).[4]
One of the cases above cited, Housing by Vogue v. Caswell, is particularly instructive. There a dispute arose between claimant and the employer/carrier (E/C) regarding the amount of claimant’s average weekly wage (AWW). Because claimant had not been employed for 13 weeks before the date of the accident, the E/C presented a wage history statement of a similar employee, and, based upon his wages, the JCC adopted the AWW of the similar employee as that of the claimant. The claimant later filed a motion to modify the order pursuant to section 440.28, alleging a mistake of fact, contending that he had only discovered after the entry of the order that the similar employee was not in fact a similar employee, but rather a work-release prisoner who had not been afforded all of the employment advantages as were given other employees. Relying upon this information, the JCC determined that a mistake of fact had occurred and modified the order by changing the amount of the claimant’s AWW. In reversing, this court observed that a motion to revise a compensation order on the ground of mistake of fact “may be brought when material evidence *1199 which adds something new becomes available after entry of an order, and this evidence could not have been discovered at the time of the original hearing and entry of the earlier order.” Id. at 558 (emphasis added). We concluded that evidence regarding a similar employee’s job status could have been discovered earlier and that to afford the claimant relief by amending the order would only excuse a lack of diligent preparation on his part. Id.
Case law from other jurisdictions, moreover, has generally imposed a more rigid burden upon applicants asking to be relieved from the binding effect of final orders approving stipulations, than on movants seeking relief from stipulations made without court confirmation. One commentator has summarized these distinctions in the following terms:
The entry of an order or judgment, pursuant to a stipulation of settlement, seems to have been regarded as embracing a change in position of the parties, in itself, so that while, as in the case of other stipulations for settlement, it is removed from the field of ordinary stipulations which may be set aside freely if there has been no material change in position which would prejudice one of the parties, it calls for a showing ... sufficient in equity to justify setting aside a judgment.
H.D. Warren, Annotation, Relief From Stipulations, 161 A.L.R. 1161, 1194 (1946). On the other hand, if the stipulation involves simply procedural matters in litigation, a court in its broad discretion is considered free to set it aside for the sake of convenience alone. Id. at 1192.
An alternative basis for distinguishing Fa-ivaz from the case at bar is that the stipulations in Fawaz were made in contemplation of settlement, while the pretrial stipulation in the instant case was not. In fact, the stipulation here was made prior to discovery. The general law controlling one’s right to seek relief from a stipulation contemplating settlement of the case, based on the ground of mistake of fact, appears to mirror the law governing stipulations which have been endorsed by order. In both situations the courts may determine whether a party acted diligently in seeking to set aside a stipulation on the specified grounds of mistake of fact or inadvertence. Some cases representative of the above rule include Harris v. Spinali Auto Sales, Inc., 49 Cal.Rptr. 610 (Ct.App.1966) (court denied relief to a party who had contended that his lack of exact knowledge of what the corporate assets were at the time of the stipulation dividing the net assets of the corporation resulted in a mistake of fact); Marrujo v. Chavez, 77 N.M. 595, 426 P.2d 199 (1967) (although appellant sought relief from stipulation of settlement, because property which the parties had agreed to convey contained less acreage than was contemplated, the court declined the request, noting that several exhibits earlier placed into evidence should have alerted appellant to an accurate description of the property to be deeded); United Factors v. T.C. Assocs., Inc., 21 Utah 2d 351, 445 P.2d 766 (1968) (when guarantors, seeking to set aside their written stipulation admitting liability, alleged that their guarantee agreement had been modified by a later oral agreement which limited the amount of their liability, but that they had mistakenly failed to advise their attorneys of such fact, the court properly denied relief for failure to exercise diligence).
Judge Barfield’s opinion for the court also commends Judge Webster’s dissent in Fawaz as being consistent with the general rule recognizing that no showing of due diligence is essential as a predicate for setting aside a stipulation. The authorities Judge Webster cited, however, do not support this position. For example, at page 499 of his dissent in Fawaz, Judge Webster states: “Equally clearly, a stipulation may be set aside if it is established that it was the result of inadvertence.” This is not a complete statement of the law. Among other authorities, Judge Webster cites 73 Am.Jur.2d Stipulations § 14, at 550 (1974), and 83 C.J.S. Stipulations § 35(3), at 92 (1953). The complete statement from the American Jurisprudence reference is as follows: “It is generally held that relief may be afforded from a stipulation which has been entered into as the result of inadvertence, improvidence, or excusable neglect, provided that the situation has not materially changed to the prejudice of the *1200 antagonist and that the one seeking relief has been reasonably diligent in doing so.” (Emphasis added.) Similarly, Corpus Juris Secundum provides: “A stipulation will not be set aside as improvidently made where the circumstances exclude every inference of fraud, collusion, or undue advantage, or the possibility that there ivas not a thorough understanding of the subject matter and of its terms.” (Emphasis added.) The remaining cases Judge Webster listed in his dissent in Fawaz at pages 498-99 simply do not address the precise question which Judge Barfield has chosen to address in this case: Whether a due diligence requirement may be applied to a case wherein a party seeks to set aside a stipulation on the ground of mistake of fact?
Judge Barfield additionally cites Oakdell, Inc. v. Gallardo, 505 So.2d 672 (Fla. 1st DCA 1987), and Metropolitan Dade County v. Barry, 614 So.2d 666 (Fla. 1st DCA 1993), as supportive of the rule that modifications of orders entered pursuant to stipulations may be granted without any showing of due diligence. Both of these opinions, however, involve modifications on the ground of fraud and not, as the statement at issue in Fawaz, on mistake of fact. My research has uncovered no authority which requires, as a precondition to setting aside a stipulation due to fraud, any showing of due diligence. And I think that the reason for not imposing such an obligation is obvious: “ ‘[A] party is not required to anticipate false testimony from the opposing party, and is, therefore, not required to discover evidence which would refute false testimony.’ ” Oakdell, 505 So.2d at 675 (quoting Louisville & Nashville R.R. Co. v. Hickman, 445 So.2d 1023, 1027 (Fla. 1st DCA 1983) (alteration in original), review dismissed, 447 So.2d 887 (Fla.1984)). On the other hand, if one seeks relief based on mistake of fact, the movant is required to show more than “merely a lack of full knowledge of the facts, which was plainly due to failure to exercise due diligence to ascertain them.” 83 C.J.S. Stipulations § 35(2), at 91 (1953).
I have no quarrel with the decision in this case to affirm the JCC’s order awarding claimant 12 hours per day of attendant care, despite the parties’ agreement representing that claimant was entitled to only six hours. The stipulation the JCC ignored appears to be manifestly contrary to the evidence, which is an independent ground for relief under rule 4.130. In Faivaz, in contrast, there was clearly some evidence supporting the two stipulations at the time they were executed. Claimant showed that she had suffered a back injury on the job which caused her to be temporarily disabled and to require both medical services and attendant care. The only issue of which the E/SA was uncertain when it entered into the stipulations was whether claimant’s preexisting back condition had been aggravated by her employment injury, or whether the industrial injury was an independent, separate injury unrelated to her prior condition. If the trauma suffered were the latter, the E/SA would have been unable to establish an essential requisite of the Martin v. Carpenter[5] defense, i.e., that there be a causal connection between the employee’s current injury and the false misrepresentation.
To conclude, in deciding to recede from the rule stated in Fawaz, the majority reaches an issue which is unnecessary to its decision, and, in so doing, it eliminates the long-standing due diligence requirement imposed on those seeking relief from stipulations on the ground of mistake of fact.

. Florida caso law recognizes additional grounds for modification if the order was based upon a stipulation. See Steele v. A.D.H. Bldg. Contractors, Inc., 174 So.2d 16, 19 (Fla.1965) (“fraud, *1198 overreaching, misrepresentation or withholding facts by the adversary or some such element as would render the agreement void”); Oakdell, Inc. v. Gallardo, 505 So.2d 672 (Fla. 1st DCA 1987).

. Florida case law involving modification of final orders under the relief from judgment rule, Florida Rule of Civil Procedure 1.540(b), on the ground of mistake of fact, also requires a showing of duo diligence. See, e.g., John Crescent, Inc. v. Schwartz, 382 So.2d 383 (Fla. 4th DCA), cert. denied, 389 So.2d 1113 (Fla.1980); Goldome v. Davis, 567 So.2d 909 (Fla. 2d DCA 1990); Fischer v. Barnett Bank of S. Fla., N.A., 511 So.2d 1087 (Fla. 3d DCA 1987).

. 132 So.2d 400 (Fla.1961).